MATTHEW SIMPSON ET AL. EX'RS v. MANSFIELD, COLDWATER & LAKE MICHIGAN RAILROAD COMPANY.

*Notice of appeal from commissioners on an estate.*

A probate judge can direct how service of notice of an appeal from commissioners on an estate shall be served upon a corporation; and may name the officer, agent, etc., on whom it shall be made.

An appeal in chancery will not necessarily be dismissed for want of notice of the appeal itself; the notice is merely to enable the appellee to prepare for the appeal, and he is entitled to notice of hearing besides.

Error to Calhoun. Submitted April 5. Decided April 16.

APPEAL from commissioners on an estate. Dismissed. Appellants bring error.

*J. C. FitzGerald* for plaintiffs in error. Omission to give notice of an appeal from commissioners on an estate is not ground for dismissing the appeal, *Gilman v. Gilman*, 35 Barb., 591; it is merely to give the appellee notice of the fact, and if he knows it, that is sufficient, *Jacobs v. Jacobs*, 110 Mass., 230; *Baberick v. Magner*, 9 Minn., 232; express notice to one of a board of directors is notice to the company, 1 Redf. Railways, 556–7; *Boyd v. C. & O. Canal Co.*, 17 Md., 195; *United*

*States v. Shriver,* 3 Md. Ch. Dec., 381; Ang. & Ames on Corporations, §§ 305-6; service of notice of an appeal on the appellee's attorney is sufficient, *Rogers v. Ladd,* 117 Mass., 334; every intendment must be made against such a construction of an act as will take away a right of appeal, *Rex v. Coms.,* 2 Keble, 43; *Rex v. Moreley,* 2 Burr., 1042; *Richards v. Hodges,* 1 Mod., 43.

*John B. Shipman* for defendant in error.   In serving notice on the officers of a corporation, they should be sought in the county where the corporation has its home office, *People v. Judge,* 23 Mich., 492; officers should be served in the order in which they are mentioned in the order to make service, *Merrill v. Montgomery,* 25 Mich., 73; *Hebel v. Amazon,* 33 Mich., 400.

COOLEY, J.   The railroad company presented to the commissioners appointed to examine and adjust claims against the estate of Thomas G. Duncan, a claim to a considerable sum, which was allowed by that body.   The executors thereupon petitioned the probate judge for leave to appeal, and it was allowed by the judge.   The judge also made an order that the appellants "cause a notice of said appeal, and of the hearing thereof in the circuit court for the county of Calhoun at the May term thereof next ensuing, to be served on the said Mansfield, Coldwater & Lake Michigan Railroad Company, by delivering said notice personally to the president, secretary or any director of said company, if either of them can be found in said county, and if they cannot be found in said county, then that such notice be served by depositing the same in the postoffice, the postage prepaid, directed to the secretary of said company at his last known place of residence, and that such service be made at least fourteen days prior to the first day of the next May term of said court."   The appellants thereupon proceeded to give notice of the appeal, serving it personally on Victory P. Collier, one of the directors of the

railroad company at Battle Creek in the county of Calhoun, in which county the proceedings were pending. They also served notice of hearing on Mr. Collier, as well as on Mr. Pray, an attorney of this court, who had appeared for the railroad company on the hearing before the commissioners.

Return to the appeal having been made, the appellee caused a motion to dismiss to be entered, and the court ordered the appeal dismissed. The ground of dismissal was that no such notice of the appeal had been given as was required by law.

The statute provides that "in all cases of appeal from the decision of the commissioners, the person appealing shall give notice of such appeal and of the hearing thereof, in the circuit court, in such manner as the judge of probate shall direct." Comp. L., § 4442. In the chapter relating to "Proceedings by and against Corporations in Courts of Law," it is provided that "suits against corporations may be commenced by original writ of summons, or by declaration, in the same manner that personal actions may be commenced against individuals, and such writ, or a copy of such declaration, in any suit against a corporation, may be served on the presiding officer, the cashier, the secretary, or the treasurer thereof; or if there be no such officer, or none can be found, such service may be made on such other officer or member of such corporation, or in such other manner, as the court in which the suit is brought may direct." Comp. L., § 6544. Another statute permits service of "any process, notice, or writing upon any railroad company in this State," to be made upon any conductor of a freight or passenger train of cars, or upon a weighmaster at a station or depot of the company. Comp. L., § 6559.

The question which this record presents is whether it is sufficient to make service of the notice of appeal and of hearing as was directed by the order of the judge of probate, or whether, on the other hand, the statutes

which direct how process, pleadings, etc. shall or may be served on corporations generally, or on this class of corporations, are to be complied with in making this service. The counsel for the appellee insists that the statutes themselves direct upon whom the service of process, notices, etc. may be made, and that the authority of the judge of probate is limited to prescribing the *manner* in which service may be made on the officers, etc. who are named in the statutes.

If this view were correct, we should doubt the correctness of the action of the circuit court in dismissing the appeal. It has been decided in Vermont and Connecticut under statutes very similar to ours, that the failure to give notice of the appeal is not a jurisdictional defect, and that where it has failed, the appellate court may make an order for some suitable service. *Woodward v. Spear*, 10 Vt., 420; *Donovan's Appeal*, 40 Conn., 154. The difference between removing a pending proceeding into a court of review, and commencing a new proceeding, is plain enough; in the latter case the necessity for observing any statutory regulation is of course imperative. In regard to appeals in chancery it has always been held by this court that the failure of the appellant to give notice of the appeal did not entitle the appellee to a dismissal as a matter of right. *Garratt v. Litchfield*, 10 Mich., 451; *Shook v. Proctor*, 26 Mich., 283. It is true the requirement of notice is by rule in the case of appeals in chancery, but there is much reason for holding that it is merely directory in the one case as well as in the other. Indeed the notice of appeal has no very important function in either case: it is to inform the adversary party that the appeal has been taken that he may prepare for it; but as he must also have notice of hearing, he is not likely to lose any rights by a failure in giving strict notice.

But we think the notice given is in strict compliance with the statute. In other words we think the authority in the judge of probate to determine the manner in

which notice shall be given includes the naming of the officer, agent, etc. on whom service shall be made when that service is practicable, or the prescribing of some other mode of notification when officers or agents are not within the jurisdiction. We have no doubt the whole subject is referred to his discretion; and it is very proper that this should be so. A party should not be deprived of his appeal because of any difficulty in making the ordinary service, and possibly a notice by publication might in some cases be justified.

It is suggested that this is giving to the judge of probate a discretion which might be abused to the injury of the appellee. Possibly this is so; but so might the discretionary authority to direct the *manner* of service on officers, conductors and weighmasters, which the appellee concedes to him, be abused. When a case of manifest abuse arises, it may be dealt with: the order in this case was a very proper and suitable one.

The dismissal of appeal must be set aside with costs, and the case remanded.

CAMPBELL, C. J., and MARSTON J. concurred. GRAVES, J., did not sit in this case.