McALLEN *v.* LIPSON'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—APPEAL FROM DECISION OF COMMISSIONERS—COURT RULES.

Appeal from decision of commissioners on claims is not appeal from decision of probate court, and therefore is not regulated by 3 Comp. Laws 1929, § 15958, but is regulated by section 15960.

2. SAME—STATUTE NOT SUPERSEDED BY COURT RULE—TIMELY APPEAL.

Statute regulating appeal from decision of commissioners on claims (3 Comp. Laws 1929, § 15960) has not been superseded by Court Rule No. 57, respecting appeals from inferior tribunals, and therefore appeal perfected within 20 days was timely.

3. SAME—SERVING NOTICE OF APPEAL—JURISDICTION.

Failure to serve timely notice of appeal from decision of commissioners on claims was not fatal defect; not being jurisdictional (Court Rules Nos. 56, 61).

4. SAME—REASON FOR APPEAL—COMPLIANCE WITH COURT RULE.

Notice of appeal from decision of commissioners on claims sufficiently complies with requirements of Court Rule No. 59, respecting reason for appeal, if it reasonably informs appellee of error on which appellant intends to rely.

5. SAME—DEFECTIVE NOTICE—AMENDMENT.

Where, in notice of appeal from decision of commissioners on claims, appellant attempted to give reason for appeal and thus furnished appellee necessary information required by Court Rule No. 59, there was no ground for dismissal of appeal although reason was indefinitely stated, since if notice was insufficient, it could be amended.

Appeal from Wayne; Webster (Arthur), J. Submitted January 14, 1932. (Docket No. 143, Calendar No. 36,138.) Decided April 4, 1932.

Thomas J. McAllen presented his claim against the estate of Louis Lipson, deceased. Claim was

disallowed by commissioners on claims. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stephen V. Riffel,* for plaintiff.

*Morris Garvett* and *Milford Stern,* for defendant.

McDONALD, J. This is an appeal from a judgment of the Wayne circuit court in favor of the plaintiff for $5,498.96.

Louis Lipson in his lifetime signed a bond to release a garnishment in a suit in which Thomas J. McAllen was the plaintiff and William Berman was the defendant. That suit was determined in favor of the plaintiff. In the meantime, the surety, Louis Lipson, had died. The plaintiff filed a claim against his estate in the probate court for the amount of his judgment. The commissioners on claims disallowed it, and filed their report on February 5, 1931. On February 24, 1931, the plaintiff filed a full notice of appeal to the circuit court. When the case came on for trial, counsel for the estate appeared specially and moved to dismiss the appeal on the ground that it was not taken in compliance with the rules relative to appeals and was not served and filed within the time prescribed. The motion was denied. The plaintiff submitted proofs in support of his claim, and the trial court entered a judgment in his favor.

1. It is the contention of the defendant that the circuit court acquired no jurisdiction of the appeal because it was not perfected in five days, as required by subdivision (b), § 1 of Court Rule No. 57. The rule provides that appeals from probate courts shall be perfected within 20 days from the entry of decision or judgment, and in five days from justices of the peace and from other inferior courts, officers, or tribunals. The appeal in question was perfected

within 20 days from the filing of the commissioner's report. The defendant contends that an appeal from a decision of commissioners on claims is not an appeal from a decision of the probate court but is from an inferior tribunal, and therefore should have been taken in five days, as required by the rule in appeals from inferior tribunals.

We agree that an appeal from a decision of commissioners on claims is not an appeal from a decision of the probate court. The statute distinguishes them. An appeal from the commissioners cannot be taken under the statute providing for appeals from the probate court. Appeals from the probate court are given and regulated by 3 Comp. Laws 1929, § 15958, and appeals from commissioners on claims by 3 Comp. Laws 1929, § 15960, which reads as follows:

"Any executor, administrator or creditor, may appeal from the decision and report of the commissioners on claims to the circuit court for the same county, if application for such an appeal be made in writing, filed in the probate office within twenty days after the returning of the report of the commissioners: *Provided,* the probate-judge may extend the time for taking such appeal as provided in section one of this chapter."

This statute has not been superseded by the provisions of Court Rule No. 57 respecting appeals from inferior tribunals. The plaintiff perfected his appeal in time under the statute. The court did not err in refusing to dismiss it.

2. A further objection to the jurisdiction of the court is that the appeal was not served within the time limited by Court Rule No. 61.

This rule provides that the notice of appeal shall be served upon the appellee within the same time after it is filed as the time limited for perfecting the

appeal, which, in this case, was 20 days. It was not served until 23 days after it was filed. Failure to serve within the time prescribed is not jurisdictional. Court Rule No. 56 provides that the appeal shall be deemed perfected when the notice is filed and,

"After being duly perfected no appeal shall be dismissed without notice to the appellant, and no step taken subsequently to the perfection of the appeal shall be deemed to be jurisdictional."

3. It is contended that the notice of appeal does not comply with the requirements of Court Rule No. 59.

The rule plainly and specifically recites what a notice of appeal shall contain. Failure of attorneys to follow it is inexcusable carelessness. However, though it was imperfectly drawn, the principal defects in the notice could have been cured by amendment. It is said that it gives no reason for the appeal. The reason is sufficient if it reasonably informs the appellee of the error which the appellant intends to rely on in the court of review. In this case, the appellant attempted to give a reason, and while it is indefinitely and indirectly stated, we think that it furnishes the appellee with the necessary information. If insufficient, it could have been amended. It gave no ground for the dismissal of the appeal.

4. Finally, it is claimed that the proofs offered by the plaintiff do not support the judgment.

This claim is wholly without merit. It requires no discussion.

The judgment is affirmed, with costs to the plaintiff.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.