On February 9, 1935, defendant filed a claim against the estate of James S. Brown, deceased, in the sum of $2,647.36. The claim was heard by the probate judge for the county of Isabella, instead of by commissioners on claims, and allowed by him May 13, 1935, in the sum of $1,000. No appeal from this allowance was taken by the administratrix; on August 10th (89 days thereafter) appellant filed a petition for rehearing in the probate court based upon the statement that the probate judge "had an improper conception of the law and facts." This petition for a rehearing was *Page 178 
denied on October 10th, and on November 5th, a notice of and reasons for appeal was filed in the probate court, some 26 days after the denial of the rehearing. When the matter reached the circuit court, the claimant moved to dismiss the appeal of the administratrix for the reason that the probate judge's allowance of the claim became final when unappealed from within the statutory period of 20 days. See 3 Comp. Laws 1929, § 15960, regulating appeals from the decision and report of the commissioners on claims.
Section 15519, 3 Comp. Laws 1929, provides that a judge of probate may "upon the filing in said court of a petition therein, within 90 days of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court," etc.
The statute, 3 Comp. Laws 1929, § 15681, provides when and how the judge of probate may sit to hear claims and says:
"The action of the judge of probate in passing upon and adjusting claims shall have the same effect upon all claims against the estate as the action of commissioners would have had if commissioners had been appointed and had acted according to law, and subject to the same provisions in reference to appeal."
Section 15960 states:
"Any executor, administrator or creditor, may appeal from the decision and report of the commissioners on claims, to the circuit court for the same county, if application for such appeal be made in writing, filed in the probate office within 20 days after the returning of the report of the commissioners: *Page 179 
Provided, The probate judge may extend the time for taking such appeal as provided in section one of this chapter."
"Probate courts have no power or authority except that conferred upon them by the statutes providing for their creation." In re Estate of Jeffers, 272 Mich. 127, 134.
"We agree that an appeal from a decision of commissioners on claims is not an appeal from a decision of the probate court."McAllen v. Lipson's Estate, 258 Mich. 15.
No statute has been cited and no authority shown in support of appellant's theory that a rehearing may be granted on the allowance or disallowance of claims in whole or in part. The actions of commissioners on claims and the judge of probate in passing upon and adjusting claims becomes final when the report is filed unless appealed from within 20 days, 3 Comp. Laws 1929, § 15960.
A statutory provision for a rehearing in the probate court which permits the modification or vacation of orders, sentences and decrees cannot be used as a substitute for the statutory right of appeal from the report of commissioners on claims or that of the judge of probate acting in their place "and subject to the same provisions in reference to appeal."
The order of the circuit court, dismissing plaintiff's appeal from the denial of a rehearing on the claim, is affirmed, with costs to appellees.
FEAD, C.J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred. *Page 180