ARMSTEAD v JACKSON

Docket Nos. 49059, 49564. Submitted December 10, 1980, at Detroit.—
Decided September 14, 1981.

Robert Jackson and Donald Arnold, police officers for Royal Oak
Township, responded to a citizen's report of two men fighting,
one of whom was Horace Armstead. Jackson, during the con-
frontation with the two men who were fighting, shot Armstead.
Armstead and his wife Ernestine brought suit in Oakland
Circuit Court against Jackson, Arnold and Royal Oak Township
for assault and battery and loss of consortium respectively.
Thereafter, Horace Armstead was charged with disorderly con-
duct and resisting arrest based upon a complaint filed by
Jackson. The complaint and warrant against Armstead were
subsequently quashed. Thereafter, the plaintiffs amended their
complaint to include allegations of malicious prosecution. The
court, Robert L. Templin, J., granted directed verdicts for
Arnold and the township. The court entered judgments on a
jury verdict for plaintiffs against Jackson. Thereafter, the court
granted a new trial to Jackson after the plaintiffs failed to
comply with the court's order for a *remittitur*. The plaintiffs
appeal the directed verdicts for Arnold and the township and
appeal by leave granted the granting of the new trial for
Jackson. The cases were consolidated by the Court of Appeals.
*Held:*

1. The trial court was precluded from directing a verdict for
the township on the basis of governmental immunity. The
plaintiffs produced sufficient evidence to sustain a jury finding
that Jackson had committed both the intentional torts of
assault and battery and malicious prosecution to overcome the
defense of governmental immunity. Intentionally tortious acts
committed by agents of governmental units are not activities

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 243 *et
seq.*
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 90.
[3] 75 Am Jur 2d, Trial § 496 *et seq.*
[4] 53 Am Jur 2d, Master and Servant §§ 417, 426, 427.
[5] 58 Am Jur 2d, New Trial §§ 212, 213.

within the exercise or discharge of a governmental function. The directed verdict for Arnold was appropriate. There was no competent and sufficient evidence to show that Arnold was involved in either the assault or prosecution of Horace Armstead. A partial new trial should be granted as to the issue of liability of the township. Proof of Jackson's intentional tortious conduct sufficient to overcome the township's defense of governmental immunity should not automatically impose liability upon the township. There must be a secondary determination that the township was vicariously liable for Jackson's acts under the doctrine of *respondeat superior.*

2. The trial court erred in ordering *remittitur* and in subsequently granting a new trial as to the liability of Jackson. In substituting its judgment for that of the jury, the trial court abused its discretion. There is nothing in the record which suggests that the jury's verdict was a product of improper methods, prejudice against defendant Jackson, or sympathy for the plaintiffs. Nor was the jury's verdict so clearly excessive as to shock the judicial conscience. While the amount of damages based on the final verdict was large, that was a product of the statutory mandate that awards based on malicious prosecution be trebled. Neither the trial court nor the Court of Appeals is free to circumvent or second guess the legislative intent regarding verdicts in actions based on malicious prosecution. The verdicts of the jury should be reinstated.

Affirmed in part and reversed in part.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

Governmental immunity from tort liability applies only to activities of the government that are of the essence of governing; a police officer's actions involved in responding to a reported breach of the peace and swearing out a criminal complaint on that alleged breach are governmental functions.

2. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

Intentionally tortious acts committed by agents of governmental units are not activities within the exercise or discharge of a governmental function and should not be protected by the doctrine of governmental immunity.

3. ACTIONS — DIRECTED VERDICTS.

A court should view the evidence in a light most favorable to the nonmoving party when considering a motion for a directed verdict and if, when viewed in that light, the facts are such that reasonable persons could honestly come to different conclusions, then the question is for the trier of fact; a directed

verdict would be improper where there is any evidence compe-
tent and sufficient to support a jury verdict for the nonmoving
party.

4. MASTER AND SERVANT — *RESPONDEAT SUPERIOR.*

An employer is liable for the tortious conduct of his employee
when the employee is acting within the apparent scope of his
authority under the doctrine of *respondeat superior;* whether
an employee was acting within the apparent scope of his
authority is a question of fact for the trier of fact.

5. COURTS — *REMITTITUR* — NEW TRIAL.

A trial court abused its discretion in ordering *remittitur* where
there was nothing in the record which suggested that the jury
verdict for the plaintiff was a product of improper methods,
prejudice against the defendant or sympathy for the plaintiffs
nor could it be said that the verdict was so clearly excessive as
to shock the judicial conscience (GCR 1963, 527.1[4]).

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Nicholas J. Rine),* for plaintiffs.

*James M. Hacker,* for Royal Oak Township.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN
and M. J. KELLY, JJ.

PER CURIAM. Plaintiffs' suit for assault and bat-
tery and malicious prosecution resulted in directed
verdicts in favor of defendants Officer Donald Ar-
nold and Royal Oak Township. With regard to the
third defendant, Officer Robert Jackson, the jury
returned verdicts of $136,500 in favor of plaintiffs
on the assault count and $127,083 in favor of
plaintiff Horace Armstead on the malicious prose-
cution count. The latter award was trebled pursu-
ant to MCL 600.2907; MSA 27A.2907, resulting in
a total verdict of $517,749. The lower court
granted a new trial to defendant Jackson after
plaintiffs refused *remittitur* of all damages in ex-
cess of $100,000. Plaintiffs appeal as of right from

the granting of the directed verdicts and by leave granted from the granting of the new trial.

The litigation arose out of a confrontation between plaintiff Horace Armstead and defendant Jackson in which Armstead was shot and wounded. Officers Jackson and Arnold were responding to a citizen's report of two men fighting in which the citizen indicated that one might have a gun. Armstead and a second witness testified that the shooting was largely unprovoked, while Officer Jackson testified that Armstead knocked him down with a blow to the jaw, threatened to kill him and reached for his back pocket as if to retrieve a weapon. Plaintiff Horace Armstead was hospitalized for six weeks and has been left with scars, circulatory problems and loss of sexual function. He missed substantial time from work and has been forced to accept less strenuous employment. Ten days after plaintiffs filed the instant suit, criminal proceedings were commenced against plaintiff Horace Armstead upon the complaint of Officer Jackson charging Armstead with disorderly conduct and resisting arrest. On plaintiff Horace Armstead's motion, the complaint and warrant were subsequently quashed. Plaintiffs thereafter amended their complaint to set forth malicious prosecution counts.

Plaintiffs initially argue that the trial court erred in granting a directed verdict in favor of Royal Oak Township. The court ruled that the township was protected by governmental immunity since the actions of Officer Jackson were made pursuant to a governmental function. We agree with plaintiffs' contentions.

Officer Jackson's actions involved responding to a reported breach of the peace and subsequently swearing out a criminal complaint on that alleged

breach. It cannot be seriously argued, and is not so argued, that such activities are not effectively accomplished only by the government and are, therefore, governmental functions. *Parker v Highland Park,* 404 Mich 183, 199-200; 273 NW2d 413 (1978); *Deaner v Utica School Dist,* 99 Mich App 103, 107; 297 NW2d 625 (1980); *Ross v Consumers Power Co,* 93 Mich App 687; 287 NW2d 319 (1979), *lv gtd* 408 Mich 959 (1980).

However, the specific acts complained of were intentional torts, *e.g.,* assault and battery and malicious prosecution.

A majority of the Supreme Court justices are in accord that intentionally tortious acts committed by agents of governmental units are not activities within the exercise or discharge of a governmental function and, consequently, not protected by governmental immunity. *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979); *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976); *Shunk v Michigan,* 97 Mich App 626; 296 NW2d 129 (1980); *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389; 283 NW2d 749 (1979), *remanded on other grounds* 407 Mich 936 (1979).

In the instant case, the trial court granted defendant township's motion for a directed verdict at the close of plaintiff's proofs on the grounds that the activities were governmental functions. Therefore, our task is to determine if the plaintiffs had produced competent and sufficient evidence as to the occurrence of intentionally tortious conduct on the part of defendant township's agent to overcome the defense of governmental immunity.

Our review of the proofs and reasonable inferences therefrom drawn in a light most favorable to the nonmoving party convinces us that the plaintiffs had produced sufficient evidence to sustain a

jury finding that Officer Jackson had committed both the intentional torts of assault and battery and malicious prosecution. *Signs v Detroit Edison Co,* 93 Mich App 626, 631; 287 NW2d 292 (1979); *Beasley v Grand Trunk W R Co,* 90 Mich App 576, 583-584; 282 NW2d 401 (1979). Hence, the trial court was precluded from directing a verdict in defendant township's favor on the grounds of governmental immunity.

We reach a contrary conclusion with regard to the directed verdict in favor of Officer Arnold. There was no competent and sufficient evidence to show that Arnold was involved in either the assault or prosecution of plaintiff Horace Armstead. The testimony indicated that Officer Arnold was preoccupied with handling the person with whom plaintiff Horace Armstead had been fighting when the assault occurred. Criminal charges against plaintiff Horace Armstead were instituted solely upon the complaint of Officer Jackson. Since there was no competent and sufficient evidence of Officer Arnold's liability, the directed verdict was appropriate. *McKinch v Dixon,* 391 Mich 282; 215 NW2d 689 (1974).

According to the foregoing analysis, a partial new trial must be granted as to the issue of liability only on behalf of defendant Royal Oak Township. We add the caveat that proof of the officer's intentional tortious conduct sufficient to overcome the township's defense of governmental immunity will not automatically impose liability upon the township. There must be a secondary determination that the township was vicariously liable for the officer's acts under the doctrine of *respondeat superior.* This requires a finding that defendant Jackson was acting within the scope or apparent scope of his employment. *McCann v*

*Michigan,* 398 Mich 65, 71-72; 247 NW2d 521 (1976); *Galli v Kirkeby,* 398 Mich 527, 538; 248 NW2d 149 (1976); *Bozarth v Harper Creek School Dist,* 94 Mich App 351, 354; 288 NW2d 424 (1979). This is a question of fact to be determined by the trier of fact. *McCann v Michigan, supra; Capitol City Lodge No 141 v Meridian Twp,* 90 Mich App 533, 538; 282 NW2d 383 (1979), *lv den* 408 Mich 856 (1980); *Lincoln v Fairfield-Nobel Co,* 76 Mich App 514, 519; 257 NW2d 148 (1977).

Secondly, we agree with the plaintiffs' contention that the trial court erred in ordering *remittitur* and in its consequent grant of new trial as to defendant Jackson. In the instant case, after the jury returned a verdict of $136,500 on the assault count and $127,083 on the malicious prosecution count, the trial court entered a judgment in the amount of $100,000. He opined that "[t]aking into consideration all the facts regarding the alleged damage done to the plaintiff and his wife, * * * [I am] of the opinion that the total judgment should not be in excess of $100,000 and I am accordingly entering a judgment in that amount". We are persuaded that, in substituting it judgment for that of the jury, the trial court abused its discretion. There is nothing in the instant record which suggests that the jury's verdict was a product of improper methods, prejudice against defendant Jackson or sympathy for the plaintiffs. *Bennett v Hill,* 342 Mich 754, 763-764; 71 NW2d 220 (1955); *Belin v Jax Kar Wash,* 95 Mich App 415, 423-424; 291 NW2d 61 (1980). Nor can it be said that this verdict was so clearly excessive as to shock the judicial conscience. GCR 1963, 527.1(4); *Stevens v Edward C Levy Co,* 376 Mich 1; 135 NW2d 414 (1965). While the final amount of damages, $517,749, is large, we are mindful that this is a

product of the statutory mandate that malicious prosecution awards be trebled. MCL 600.2907; MSA 27A.2907. Neither the trial court nor this appellate court is free to circumvent or second guess the legislative intent that such plaintiffs recover enlarged awards. Since the trial judge failed to set forth any reasons for his action which are legally recognized and are supported by any reasonable interpretation of the record, we must conclude that the trial court abused its discretion. *Willett v Ford Motor Co,* 400 Mich 65; 253 NW2d 111 (1977); *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976).

Hence, we reinstate the jury verdict against Officer Jackson for $136,500 on the assault count and $127,038 on the malicious prosecution count; the latter being subject to the trebling provision of MCL 600.2907; MSA 27A.2907, for a total verdict of $517,749. Since the potential liability of the defendant township is derivative or vicarious of Officer Jackson, the above also serves as the determination of damages if the township should be found liable on either count.

Affirmed in part and reversed in part.