## CODY v WICKMAN, INC

Docket No. 73809. Submitted July 19, 1984, at Detroit.—Decided September 17, 1984.

Ida M. Cody, an employee of Wickman, Inc., asked for a five-month leave of absence from her job. She left her job without being granted the leave of absence. At the end of the five-month period, Cody asked that she be allowed to return to her job and was told that things were slow at Wickman and that she would be contacted as soon as business picked up. Cody applied for unemployment compensation benefits but was found to be disqualified. Cody requested a redetermination. A redetermination was granted and resulted in an affirmance of the earlier determination. A hearing referee and the Michigan Employment Security Commission Board of Review subsequently upheld the finding of disqualification. Cody filed an application for a rehearing by the board of review, but rehearing was denied. Cody then filed a document entitled complaint for unemployment compensation in Oakland Circuit Court naming Wickman, Inc., and Michigan Employment Security Commission as defendants. Wickman filed a motion to strike Cody's complaint because neither the Michigan Employment Security Act nor the court rules authorized a complaint for unemployment compensation benefits. The MESC filed a motion for accelerated judgment because Cody had asked for a trial *de novo* and the court did not have jurisdiction to entertain the case *de novo* and because plaintiff was bringing an unconsented suit against the State of Michigan. Plaintiff requested that the court permit her to amend her complaint to conform to language set forth in the court rules and argued that she was seeking relief provided by the Michigan Employment Security Act. Plaintiff's attorney was 15 minutes late for a hearing scheduled on the motions and, upon arrival, he learned that the motions of Wickman and the MESC had been granted, George H. LaPlata, J. Plaintiff filed a motion for rehearing. The

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 659.
  61A Am Jur 2d, Pleading §§ 77, 306 *et seq.*
[2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

motion was denied. Plaintiff appeals, raising the issue of whether her failure to file a claim of appeal in conformity with the requirements of the court rules justified the dismissal of her appeal from the decision of the MESC Board of Review. *Held:*

Although plaintiff mislabeled her claim of appeal, the complaint, served on both defendants, was sufficient to vest the circuit court with jurisdiction over the parties and the subject matter of the appeal. The failure to comply with the requirements of the court rules may have justified an award of costs to defendants, but did not justify the dismissal of plaintiff's appeal without a hearing on the merits. The circuit court should have granted one of plaintiff's numerous requests to amend the claim of appeal to conform to the requirements of the court rules.

Reversed and remanded for a hearing on the merits.

1. APPEAL — PLEADING — MISLABELED PLEADINGS — UNEMPLOYMENT COMPENSATION.

The fact that a party erroneously entitled her claim of appeal from a decision of the Michigan Employment Security Commission Board of Review complaint for unemployment compensation and requested a *de novo* trial on the merits did not justify a circuit court's dismissal of the appeal where the appeal complied with the Michigan Employment Security Act in all other respects but did not technically comply with the court rules covering appeals; the pleadings could have been amended without prejudicing the other parties (MCL 421.38; MSA 17.540; GCR 1963, 701.4).

2. UNEMPLOYMENT COMPENSATION — APPEAL — CIRCUIT COURT — JURISDICTION.

The filing of a claim of appeal from a decision of the Michigan Employment Security Commission Board of Review vests jurisdiction over the subject matter in the circuit court; service of the notice of claim of appeal is the means whereby the circuit court obtains jurisdiction over the parties to the appeal.

*Field & Reisdorf* (by *William J. Reisdorf*), for appellant.

*VanTil, Kasiborski & Ronayne* (by *Kenneth A. Flaska*), for Wickman, Inc.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Gunther C. Schwarze,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: V. J. Brennan, P.J., and Allen and Gribbs, JJ.

V. J. Brennan, P.J. Plaintiff appeals as of right from circuit court orders granting defendant Wickman's motion to strike plaintiff's complaint, granting defendant Michigan Employment Security Commission's motion for accelerated judgment, and denying plaintiff's motion for rehearing.

The underlying dispute in this matter involves plaintiff's attempt to secure unemployment compensation benefits. Plaintiff, a former employee of defendant Wickman, filed a claim for unemployment compensation on June 11, 1982. By determination and redetermination, plaintiff was found disqualified for benefits by the Michigan Employment Security Commission. Plaintiff requested a referee hearing and on September 17, 1982, the referee affirmed the disqualification. Following plaintiff's appeal, the MESC Board of Review, with one member dissenting, affirmed the referee's decision. On April 13, 1983, plaintiff's application for rehearing was denied.

On May 3, 1983, plaintiff filed a document entitled complaint for unemployment compensation in the Oakland County Circuit Court, the county in which defendant Wickman did business. The complaint clearly stated that it was an action brought "pursuant to MCL 421.38(1)". In the prayer for relief, plaintiff requested the court "or the trier of fact adjudge an amount owing from defendants under the Michigan Employment Security Commission *[sic]* Act * * *".

On May 17, 1983, defendant Wickman filed a motion pursuant to GCR 1963, 115.1 to strike plaintiff's complaint. Defendant asserted that plaintiff's brief should be stricken because neither MCL 421.38(1); MSA 17.540(1) nor the court rules authorized a complaint for unemployment compensation benefits. Since plaintiff's brief was in "contravention to" GCR 1963, 706.2, defendant requested the court to order plaintiff's brief stricken.

On May 19, 1983, plaintiff responded to defendant's motion to strike, admitting that the circuit court did not have authority to hold a trial *de novo.* Plaintiff argued, however, that plaintiff's complaint clearly stated that it was brought pursuant to MCL 421.38(1); MSA 17.540(1), the specific statutory section providing for circuit court review of MESC decisions. Citing GCR 1963, 13, plaintiff argued that although plaintiff's claim of appeal may have been mistitled, there was no prejudice or lack of proper notice to defendants. Plaintiff requested the court to allow plaintiff to amend her complaint to set forth the language as required by GCR 1963, 701.

On May 24, 1983, defendant MESC filed a motion pursuant to GCR 1963, 116, for accelerated judgment, based on the fact that plaintiff had filed a complaint in circuit court seeking a *de novo* determination of her right to unemployment compensation benefits. MESC argued that the circuit court should enter a judgment of dismissal since it lacked subject matter jurisdiction to try the case *de novo* and because plaintiff was bringing an unconsented suit against the State of Michigan. Plaintiff's response was, again, that although the claim of appeal had been mislabeled, plaintiff was seeking no other relief than that provided by MCL 421.38(1); MSA 17.540(1). Plaintiff again requested

the court to allow an amendment to correct the errors made in plaintiff's original pleading.

On June 23, 1983, a hearing was held on defendants' motions before Oakland County Circuit Court Judge LaPlata. Plaintiff's counsel was apparently 15 minutes late and, upon arriving, found that the matter had been decided adversely to plaintiff. Orders were entered granting defendant Wickman's motion to strike plaintiff's complaint and defendant MESC's motion for accelerated judgment.

Plaintiff filed a motion for rehearing, acknowledging that the circuit court's jurisdiction was limited to review, and requesting the circuit court to allow plaintiff to amend the initial pleading so that it would be entitled "claim of appeal". Again, plaintiff pointed out that there had been no prejudice or lack of proper notice to defendants, since plaintiff had clearly stated that the complaint was filed pursuant to MCL 421.38(1). Judge LaPlata heard plaintiff's motion on July 20, 1983. At that time, plaintiff offered to pay the opposing parties' costs for attending the hearing. The court denied plaintiff's motion.

The question for our review is whether plaintiff's failure to file a claim of appeal in conformity with the requirements of GCR 1963, 701.4 justified the dismissal of plaintiff's appeal from the decision of the MESC Board of Review.

Plaintiff sought to appeal from a final order of the MESC Board of Review. Section 38 of the Michigan Employment Security Act, MCL 421.38; MSA 17.540, provides for circuit court review of appeal board decisions. Aside from erroneously entitling her claim of appeal complaint for unemployment compensation and requesting a *de novo* trial on the merits, plaintiff complied with § 38 in

all respects. The application for review was filed within 20 days after the mailing of the board of review's denial of plaintiff's motion for rehearing and in the circuit court of the county in which the employer's place of business is located. MCL 421.38(1); MSA 17.540(1).

The problem is that plaintiff's application for review did not comply with the court rules.

GCR 1963, 706, which governs appeals under the Michigan Employment Security Act, provides in part:

"Appeals under Michigan Employment Security Act.

"(a) To obtain review of an order or decision of the Michigan Employment Security Appeal Board, a party shall file in the circuit court

"(1) a claim of appeal within 20 days after the mailing to him of the appeal board's decision (see subrule 701.2); and

"(2) proof that a copy was served on the appeal board and all interested parties."

Plaintiff's mislabeled complaint for unemployment compensation benefits did not technically comply with GCR 1963, 701.4, which contains the following requirements:

"Form and Contents of Claim of Appeal. A claim of appeal is entitled in the circuit court. The parties are named in the same order as they appeared in the trial court, with the added designation 'appellant' or 'appellee'. The claim must stated:

"[Name of aggrieved party] claims an appeal from the [judgment or order] entered [date] in [name of the trial court]."

"The appellant or his attorney must date and sign it and place his business address and telephone number under the signature."

The filing of a claim of appeal vests jurisdiction over the subject matter in the circuit court. Service of the notice of claim of appeal is the means whereby the circuit court obtains jurisdiction over the parties to the appeal. See *In re Koss Estate,* 340 Mich 185, 190; 65 NW2d 316 (1954).

In our opinion, although plaintiff mislabeled her claim of appeal, the complaint, which was served on both defendants, was sufficient to vest in the circuit court jurisdiction over the parties and the subject matter of the appeal. The complaint clearly stated that it was an action brought pursuant to MCL 421.38(1), and it recited the proceedings before the MESC referee and board of review. Concededly, plaintiff's prayer for a *de novo* trial on the merits was erroneous and inconsistent with statutory review. However, all of the plaintiff's subsequent responsive pleadings admitted error and requested that plaintiff's specific recitation of MCL 421.38(1) govern the action. Thus, defendants and the circuit court were properly notified that plaintiff was seeking statutory review of a final order of the MESC Board of Review. Since defendants have not, and seemingly could not, claim lack of proper notice or prejudice, the issue becomes whether the mislabeling of a claim of appeal and a prayer for *de novo* relief were fatal defects justifying the dismissal of plaintiff's appeal after plaintiff sought amendment.

GCR 1963, 13 states:

"These rules are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties."

This rule was drafted with the intent to "de-em-

phasize procedural niceties so that cases can more readily be disposed of on their merits". Committee Comment to GCR 1963, 13, 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 15. Numerous sections of the court rules and the complementing provisions of the Revised Judicature Act of 1961, MCL 600.101 *et seq.;* MSA 27A.101 *et seq.,* indicate an overriding intent that defects not affecting the substantial rights of parties are to be disregarded.

In *Totman v Royal Oak School Dist,* 135 Mich App 121, 126; 352 NW2d 364 (1984), citing GCR 1963, 13, this Court found that, although the plaintiff's failure to file a brief as required by GCR 1963, 701.9(a) was an error resulting in a defect in the proceedings, it did not justify the harsh penalty of dismissal of plaintiff's claim of appeal since plaintiff's adoption of the dissenting opinion of the board of review served the purpose behind the requirement of an appellate brief. The Court observed: "[T]he general court rules wisely contemplated that litigants and lawyers might make such errors without suffering the cataclysmic consequence of having a case dismissed without a hearing on the merits * * *." 135 Mich App 126.

We believe that plaintiff in the instant case deserves similar treatment. Plaintiff's claim of appeal did not comply with the requirement of GCR 1963, 701.4. The defects may have justified an award of costs to defendants, which plaintiff's counsel agreed to assume, but did not justify the dismissal of plaintiff's appeal without a hearing on the merits.

It is also our opinion that the circuit court should have granted one of plaintiff's numerous requests to amend the claim of appeal to conform to GCR 1963, 701.4. Defendant Wickman argues

that an amendment is not permissible under GCR 1963, 118 since plaintiff is seeking to substitute one pleading for another. Although defendant advances a technically correct argument, in light of the spirit of GCR 1963, 13, granting an amendment would have been within the court's discretion. In *McAllen v Lipson's Estate,* 258 Mich 15; 241 NW 906 (1932), the Supreme Court considered a defective notice of appeal:

"It is contended that the notice of appeal does not comply with the requirements of the Court Rule No. 59.

"The rule plainly and specifically recites what a notice of appeal shall contain. Failure of attorneys to follow it is inexcusable carelessness. However, though it was imperfectly drawn, the principal defects in the notice could have been cured by amendment. It is said that it gives no reason for the appeal. The reason is sufficient if it reasonably informs the appellee of the error which the appellant intends to rely on in the court of review. In this case, the appellant attempted to give a reason, and while it is indefinitely and indirectly stated, we think that it furnishes the appellee with the necessary information. *If insufficient, it could have been amended. It gave no ground for the dismissal of the appeal."* 258 Mich 18 (emphasis added).

Plaintiff's complaint for unemployment compensation should have been accorded similar treatment.

Reversed and remanded for a hearing on the merits. On remand plaintiff should be permitted to amend the claim of appeal to conform to the court rules. We retain no further jurisdiction.