SMITH v MERRILL LYNCH PIERCE FENNER & SMITH

Docket No. 84796. Submitted May 7, 1986, at Lansing. Decided October 7, 1986.

Ronald L. Smith and Elvira H. Smith's account at Merrill, Lynch, Pierce, Fenner & Smith, a stock brokerage firm, was managed by Daniel Riley. Mr. Smith loaned Riley a total of $10,000. When Riley could not repay the loans, the Smiths sought repayment from Merrill Lynch, which refused. The Smiths then filed an action in the Saginaw Circuit Court against Merrill Lynch, alleging negligence, misrepresentation, and liability under the doctrine of respondeat superior. After arbitration, the action was removed to district court where, after plaintiffs had presented their proofs at a jury trial, the district judge granted defendant's motion for a directed verdict. Plaintiffs timely filed an appeal in the circuit court from the district court's grant of a directed verdict in favor of defendant. Plaintiffs' appellate brief was not filed with the circuit court until after some thirty days beyond the period specified by the former court rules. The circuit court, Gary R. McDonald, J., subsequently granted defendant's motion to dismiss plaintiff's appeal. Plaintiffs appealed by leave granted.

The Court of Appeals *held:*

1. Under MCR 7.101(J), a circuit court may dismiss an appeal on seven days' notice to the parties for an appellant's failure to file timely a brief. However, a late-filed brief does not preclude dismissal unless the appellant shows a reasonable excuse for late filing.

2. In this case, the circuit court abused its discretion in dismissing plaintiffs' appeal. There was no indication that defendant was prejudiced by the one-month delay or that the delay was intentional or flagrant. In addition, any inconvenien-

REFERENCES

Am Jur 2d, Appeal and Error §§ 684-688, 886.

Am Jur 2d, Master and Servant §§ 426, 438.

Consequences of prosecution's failure to file timely brief in appeal by accused. 27 ALR4th 213.

See also the annotations in the Index to Annotations under Respondeat Superior.

ces or costs incurred by defendant could have been corrected by other, less harsh remedies.

3. Evidence presented by plaintiffs did not establish a prima facie case of their claims against defendant on the basis of negligence, misrepresentation, or respondeat superior. The district court therefore properly granted a directed verdict in favor of defendant, and a remand of this case is not necessary.

Reversed.

1. APPEAL — DISMISSAL — FAILURE TO FILE BRIEFS.

A circuit court's decision to dismiss an appeal based on an appellant's failure to file a brief within the time period specified by court rule will not be reversed by the Court of Appeals absent an abuse of discretion (MCR 7.101[J], formerly GCR 1963, 701.9[a]).

2. MOTIONS AND ORDERS — DIRECTED VERDICT — APPEAL.

The Court of Appeals, in reviewing a trial court's grant of a defendant's motion for a directed verdict, must view the evidence in a light most favorable to the plaintiff and determine whether a prima facie case was established; if the evidence established a prima facie case, then the motion should have been denied.

3. MASTER AND SERVANT — RESPONDEAT SUPERIOR.

An employer's vicarious liability for its employee's actions under the doctrine of respondeat superior requires a finding that the employee was acting within the scope or apparent scope of his employment.

4. MASTER AND SERVANT — RESPONDEAT SUPERIOR — SCOPE OF EMPLOYMENT.

A determination of whether an employee is acting within the scope of his employment, for purposes of ascribing liability on his employer under the doctrine of respondeat superior, is generally for the trier of fact to make; however, a trial judge may properly take the case from the jury where it is clear that the employee was acting to accomplish some purpose of his own.

*Dean A. Polzin,* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Craig W. Horn*), for defendant.

Before: CYNAR, P.J., and R. B. BURNS and F. X. O'BRIEN,* JJ.

CYNAR, P.J. Plaintiffs appeal by leave granted from an order of the Saginaw Circuit Court dismissing their appeal from the district court for failure to file a brief. They also appeal from the order of the district court granting defendant's motion for directed verdict.

Plaintiffs instituted this action to recover money loaned to Daniel Riley. Riley was an account executive (stockbroker) employed by defendant and assigned to plaintiffs' account. Riley had handled plaintiffs' account for almost two years when, in September, 1981, he contacted Ronald Smith and asked if plaintiff would loan him $5,000. Plaintiff agreed. Plaintiff gave Riley a second $5,000 loan in October, 1981. After it became apparent that Riley could not repay the loans, plaintiff sought repayment from defendant, which was refused.

Plaintiffs filed a complaint in Saginaw Circuit Court alleging negligence, misrepresentation and respondeat-superior liability. Following arbitration, the case was removed to the district court where a jury trial was held. After the matter had been tried and presented to the jury, the district court judge granted defendant's motion for directed verdict.

Plaintiffs timely appealed the trial court's order to the Saginaw Circuit Court. A copy of the trial transcript was filed on January 17, 1985. Under then applicable GCR 1963, 701.9, plaintiffs' appellate brief was due within twenty days or on or about February 6, 1985. Plaintiffs' brief was not filed until March 7, 1985.

On February 26, 1985, defendant filed a motion

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to dismiss plaintiffs' appeal pursuant to MCR 7.101(J), which became effective March 1, 1985. Under MCR 7.101(J), the circuit court may dismiss an appeal on seven days' notice to the parties. A late-filed brief does not preclude dismissal unless the appellant shows a reasonable excuse for the late filing. Under the previous court rule, GCR 1963, 701.13(b), the circuit court could issue an order to show cause why the appeal should not be dismissed.

On March 11, 1985, a hearing on defendant's motion to dismiss was held. Plaintiffs' attorney explained that a change in secretarial help caused the delay. On April 17, 1985, the circuit court issued its order granting dismissal under MCR 7.101(J). The court found the reason given for the delay unpersuasive.

MCR 7.101(J) states:

> (J) Dismissal for Failure to File Brief. If an appellant does not file a brief within the time provided by subrule (I)(1) and neither the trial court nor the circuit court has granted a motion for further time, the appeal may be considered abandoned, and the circuit court may dismiss the appeal on 7 days' notice to the parties. The circuit court clerk must promptly notify the trial court of a dismissal. Compliance with subrule (I)(1) after the 21-day period does not preclude dismissal of the appeal unless the appellant shows a reasonable excuse for the late filing.

This rule, as well as all rules in the Michigan Court Rules of 1985, is to be construed to "secure the just, speedy, and economic determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties." MCR 1.105.

This Court has previously held that a circuit

court's decision to dismiss an appeal for failure to file a brief on time will not be reversed absent an abuse of discretion. *Totman v Royal Oak School Dist,* 135 Mich App 121, 125; 352 NW2d 364 (1984). Although *Totman* was decided under the former court rule, GCR 1963, 701.9(a), we hold that the abuse of discretion standard is equally applicable to decisions made under MCR 7.101(J).

Employing this standard, we conclude that dismissal was too harsh a remedy to apply in the present case. The court rules "wisely contemplated that litigants and lawyers might make such errors without suffering the cataclysmic consequences of having a case dismissed without a hearing on the merits." *Totman, supra,* p 126. Dismissal is too harsh a remedy where "the error is slight and the prejudice is minimal." *Totman, supra,* p 127. Here, there is no indication that defendant was prejudiced by the one-month delay or that the delay was intentional or flagrant. In addition, any inconveniences or costs which defendant incurred could have been corrected by other, less harsh remedies. MCR 7.101(O); MCR 2.6255(I).

In light of these facts, we believe that the circuit court abused its discretion in dismissing plaintiffs' appeal. However, for the reasons discussed below, remand to the circuit court is not required.

Plaintiffs have also challenged the district court's grant of defendant's motion for directed verdict. In reviewing this issue, we must examine the evidence presented in a light most favorable to the plaintiffs. If the evidence established a prima facie case, then the motion for directed verdict should have been denied. *Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975).

Plaintiffs presented essentially three theories of liability: negligence, misrepresentation, and respondeat superior. Plaintiffs' negligence claim was

in turn divided into three separate theories: (1) that defendant negligently hired Riley; (2) that defendant negligently supervised Riley; and (3) that defendant failed to warn plaintiffs of the law and business practices prohibiting self-dealing by stockbrokers. After reviewing the evidence under the appropriate standard, we conclude that plaintiffs failed to present any competent evidence regarding the proper standard of care in hiring and supervising stockbrokers or to establish that the standard was violated by defendant. To the contrary, the only evidence presented in this regard was on behalf of defendant and indicated that defendant acted appropriately in all respects. Absent any evidence, plaintiffs failed to establish a prima facie claim of negligent hiring or supervision. We also agree with the trial court that the relationship between defendant, a brokerage firm, and plaintiffs, its customers, does not by itself impose a duty upon defendant to inform plaintiffs of the laws and business practices regarding stockbrokers. We conclude that the trial court properly directed the verdict as to plaintiffs' negligence claims.

We find plaintiffs' misrepresentation claim equally untenable. In support of their claim, plaintiffs relied also exclusively on advertisements which held out defendant's account executives as trustworthy and reliable. After examining the advertisement and the testimony at trial, we find that plaintiffs failed to establish the requisite elements of fraudulent misrepresentation. See *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976). The district court correctly granted a directed verdict on this issue.

Plaintiffs' final claim involves defendant's vicarious liability under the doctrine of respondeat supe-

rior. Liability under this doctrine requires a finding that Riley was acting within the scope or apparent scope of his employment. *Armstead v Jackson,* 121 Mich App 239, 244; 328 NW2d 541 (1981). Generally, whether an employee is acting within the scope or apparent scope of his employment is a determination for the trier of fact. However, it is proper to take the case from the jury where it is apparent that the employee is acting to accomplish a purpose of his own. *Burch v A & G Associates, Inc,* 122 Mich App 798, 805; 333 NW2d 140 (1983); *Martin v Jones,* 302 Mich 355, 358; 4 NW2d 686 (1942).

Here, plaintiff admitted at trial that, although he did not know the purpose of the loan, he believed that Riley intended to "invest in speculative stock." Moreover, according to plaintiff, Riley characterized the loan as a "favor" to him and clearly indicated that the money was intended for his personal use. Although plaintiff claims to have relied on Riley's representation that he was bonded, plaintiff initially asked Riley for collateral and ultimately required Riley's promissory note. Based on plaintiff's testimony, it is clear that Riley was acting outside of his employment to accomplish his own purpose. Reasonable minds could not differ in concluding that the loan was personal in nature. Since the defendant could not be held vicariously liable for Riley's independent action, the court was correct in granting defendant's motion for directed verdict.

We reverse the order of the circuit court dismissing plaintiffs' appeal but because we find that the district court properly granted a directed verdict for defendant, remand is not required.