*Reconsideration Denied August 30, 1991:*

ARMSTEAD v JACKSON, No. 86881. Leave to appeal was denied June 27, 1990, 435 Mich 857. Court of Appeals No. 89648.

LEVIN, J. I would grant leave to appeal:

I

Horace Armstead and his wife, Ernestine, commenced this action against Robert Jackson, Donald Arnold and Royal Oak Township, claiming assault and battery and malicious prosecution. Jackson and Arnold, police officers employed by the township, had responded to a report of a fight between Armstead and another man. Jackson shot Armstead.

A jury rendered a verdict for Armstead and against Jackson on both the assault and battery and the malicious prosecution claims. The malicious prosecution award was trebled.[1] The judge directed a verdict for the township on the basis of governmental immunity, and also directed a verdict of no cause of action for Arnold.

The Court of Appeals[2] reversed the directed verdict for the township, holding that an intentional tort committed by an agent of a governmental unit is not protected by governmental immunity, and remanded for partial retrial on the issue of the township's liability. Following a jury trial, judgment was entered for Armstead and against Jackson and the township on both the assault and battery and malicious prosecution claims. The Court of Appeals, in an unpublished opinion, citing this Court's decision in *Smith v Dep't of Public Health,* 428 Mich 540 (1987), held that the township was cloaked with the defense of governmental immunity.

II

One month after the shooting incident, a press release was issued describing the incident and stating that Armstead would be charged

---

[1] In *Camaj v S S Kresge Co,* 426 Mich 281 (1986), this Court said that an award of treble damages for malicious prosecution under MCL 600.2907; MSA 27A.2907 is appropriate only if the party so charged brought an action in the name of another person without that person's consent, or under an assumed name. The Court added, however, that the decision was prospective.

[2] 121 Mich App 239 (1981). This Court denied the township's application for leave to appeal. 414 Mich 900 (1982).

with assault with intent to do great bodily harm and carrying a concealed weapon. John Gatewood, the detective in charge of the case, testified that the Oakland County Prosecutor refused to issue a warrant or to prosecute Armstead. ·

Thereafter, Armstead commenced this action against Jackson, Arnold, and the township. Ten days later, Armstead was charged in Oak Park Municipal Court with three counts of disorderly conduct which later were quashed. Armstead then amended his complaint in this action to add the count for malicious prosecution.

Jackson did not prepare or file the complaint against Armstead, but rather signed a complaint that had been prepared for his signature. Nor did Arnold prepare the complaint, although he did appear, at the direction of a superior officer, in Oak Park Municipal Court for the purpose of charging Armstead.

Gatewood testified that, as the detective in charge of the case, he would ordinarily have made the final decision whether a complaint would be filed against Armstead, but that he decided *not* to file a complaint against Armstead. Gatewood denied that he either prepared or authorized Jackson to prepare the complaint. He also testified that he did not direct Arnold to appear in court.

The township acknowledged in its responses to requests for admissions that the township's attorney prosecuted the disorderly conduct charges against Armstead. The township also acknowledged that the attorney opposed quashal of the charges.

### III

In *Smith v Dep't of Public Health, supra* at 544, this Court held that there is not an "intentional tort" exception to governmental immunity. All the justices, however, left open a window of liability.

The lead opinion, written by Justice BRICKLEY and also signed by Justice RILEY, stated that not all intentional torts committed by a governmental body, or its agents, are immunized from liability:

> [A] governmental body could intentionally embark on a tortious course of conduct which would abrogate the immunity of its activity, not because it is tortious, but because it is presumably unauthorized by law and, accordingly, not a governmental function. . . .
>
> In more specific terms, if in *Smith* it was the intent of the defendant mental health department to confine plaintiff, knowing a court order could not be obtained, in order to accomplish illegally what it could not accomplish legally, the activity would be ultra vires and, therefore, a nongovernmental function and immunity would be lost.

* * *

We conclude this inquiry by finding that intentional torts are immune if committed within the scope of a governmental function; however, the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law is not the exercise of a governmental function. [428 Mich 610-611.]

Justice BOYLE, joined by Justice CAVANAGH, stated that "an allegation of a state constitutional tort perpetrated by virtue of a state custom or policy avoids the strictures of statutory governmental immunity." 428 Mich 638.

Justice ARCHER, in an opinion I also signed, stated that an allegation of intentional tort "is not barred by the governmental immunity statute because such an activity does not constitute a governmental function." 428 Mich 657.

Thus all seven members of the Court agreed that at least certain intentional acts, those where the activity either is not authorized by law or is violative of the state constitution, are not protected by governmental immunity.

IV

The evidence appears to support an inference that the township, acting at the behest of a person higher in authority than John Gatewood, the detective in charge of the case, caused disorderly conduct charges to be filed against Armstead in retaliation for his having commenced this action, initially claiming only assault and battery, against Jackson, Arnold and the township. The jury found that the prosecution was malicious, and thus, it would appear, that there was "use or misuse of a badge of governmental authority for a purpose unauthorized by law . . . ." *Smith, supra* at 611.