*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ARTHUR MERRIWEATHER,

        Plaintiff/Counterdefendant,

v

MICHAEL ELLISON and WENDEME
ENTERTAINMENT, LLC, doing business as
WENDEME CREATIVE,

        Defendants/Counterplaintiffs,

and

KIMBERLY WARD,

        Other Party-Appellant,

and

PHILLIP A. RAGAN, JR.,

        Other Party,

and

RAMONA P. DESALVO,

        Other Party-Appellee.

UNPUBLISHED
March 14, 2019

No. 340547
Oakland Circuit Court
LC No. 2017-158325-AV

ARTHUR MERRIWEATHER,

        Plaintiff/Counterdefendant,

v

No. 342583
Oakland Circuit Court

MICHAEL ELLISON,                                                   LC No.  2017-158325-AV

        Defendant/Counterplaintiff-
        Appellee,

and

WENDEME ENTERTAINMENT, LLC, doing
business as WENDEME CREATIVE,

        Defendant/Counterplaintiff,

and

KIMBERLY WARD,

        Other Party,

and

PHILLIP A. RAGAN, JR.,

        Other Party-Appellant,

and

RAMONA P. DESALVO,

        Other Party-Appellee.

Before:  BORRELLO, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals, appellants, Kimberly Ward and Philip A. Ragan, Jr., appeal by leave granted[1] the circuit court's order granting the motion of appellee, Ramona P. DeSalvo, to dismiss Ward and Ragan's appeal from a district court judgment granting defendants' motion for sanctions.  We vacate the circuit court's order and remand for further proceedings.

---

[1] *Merriweather v Ellison*, unpublished order of the Court of Appeals, entered March 28, 2018 (Docket No. 340547); *Merriweather v Ellison*, unpublished order of the Court of Appeals, entered March 28, 2018 (Docket No. 342583).

# I.  BACKGROUND

Appellants are attorneys who successively represented plaintiff, Arthur Merriweather, in a breach-of-contract action that he filed against defendants, Michael Ellison and Wendeme Entertainment, LLC, in the district court.  Plaintiff alleged that he worked with defendants to create two music albums and that defendants breached an oral agreement for payment.  In 2012, plaintiff voluntarily dismissed his claim.  The district court granted defendants' request for sanctions and awarded them $50,885.37 in attorney fees against Ward, Ragan, and plaintiff.  Although the parties filed a motion for reconsideration from the district court's order awarding sanctions in 2012, and despite the parties' repeated requests for a ruling, the district court failed to rule on the motion for reconsideration until 2017, when it denied the motion.  In the meantime, defendants had assigned the sanctions award to DeSalvo, who represented them in plaintiff's action.

Ward and Ragan appealed the district court's order awarding sanctions to the circuit court.  On appeal to the circuit court, the delay in the district court's ruling on the motion for reconsideration caused confusion regarding five-year-old court records.  The circuit court twice dismissed the appeal for deficiencies and noncompliance with the court rules and twice granted motions to correct the deficiencies and reinstate the appeal.  The circuit court dismissed the appeal, for a third time, on the grounds that Ward and Ragan failed to give required notice of the appeal under MCR 7.104(D)(9) to DeSalvo.  The record, however, indicates that Ward and Ragan did not receive correspondence from DeSalvo directing them to serve her with process, rather than defendants, because of the assignment of the sanctions award.  Ward and Ragan now appeal to this Court, arguing that the circuit court abused its discretion by dismissing the appeal for failure to provide notice to DeSalvo.

# II.  ANALYSIS

## A.  STANDARD OF REVIEW

This Court reviews a circuit court's decision to dismiss an appeal for an abuse of discretion.  *Smith v Merrill Lynch Pierce Fenner & Smith*, 155 Mich App 230, 233-234; 399 NW2d 481 (1986).  A trial court abuses its discretion when its decision is "outside the range of reasonable and principled outcomes."  *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

## B.  DISMISSAL AS A SANCTION

Ward and Ragan argue that the circuit court improperly dismissed their appeal on mere technical grounds.  Ward and Ragan contend that, although they failed to give the proper notice under MCR 7.104(D)(9), DeSalvo nonetheless received actual notice and was not prejudiced by the deficiency.  We agree that the circuit court abused its discretion by dismissing the appeal.

MCR 7.101 *et seq.* addresses appeals to the circuit court.  Along with a claim of appeal, an appellant must file "proof that a copy of the claim of appeal and other documents required by this subrule were served on all parties, the trial court or agency, and any other person or officer entitled by law to notice of the appeal."  MCR 7.104(D)(9).  In light of our conclusion that

dismissal of the appeal was unwarranted, we assume without deciding that DeSalvo, as an assignee, is entitled to notice of appeal under MCR 7.104(D)(9).

Failure to comply with the initial-filing rules will result in the trial court's notification to "the parties that the appeal shall be dismissed unless the deficiency is remedied within 14 days after service of the notice." MCR 7.113(A)(1). Even if a trial court dismisses an appeal, however, an "appellant may move for reinstatement by showing mistake, inadvertence, or excusable neglect" for failure to comply with the court rules, if the appellant files the motion within 14 days of the dismissal. MCR 7.113(A)(2).

It is well established in our caselaw that dismissal of an appeal is an extreme sanction that should not be imposed when no prejudice has resulted. For example, in *Simpson v Mansfield, C & LMR Co*, 38 Mich 626, 629 (1878), our Supreme Court noted that "it has always been held by this court that the failure of the appellant to give notice of the appeal did not entitle the appellee to a dismissal as a matter of right." In that case, the Supreme Court stated that the purpose of giving notice was "*to inform the adversary party that the appeal has been taken that he may prepare for it*; but as he must also have notice of hearing, he is not likely to lose any rights by a failure in giving strict notice." *Id*. (emphasis added).

Similarly, in *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 122-123; 352 NW2d 364 (1984), this Court held that the circuit court erred in dismissing an appeal on the ground that the appellant adopted as his brief a dissenting opinion from the "certified record" of the Michigan Employment Security Commission, rather than a brief that met the requirements of the court rules then in effect. When holding that the circuit court abused its discretion in dismissing the appeal, this Court stated that the dismissal was a "harsh penalty," that the dissenting opinion adopted by the appellant met all the requirements for a brief, and that, if properly labeled, the dissenting opinion would have complied with the rules. *Id*. at 126. This Court reasoned that the court rules "wisely contemplated that litigants and lawyers might make such errors without suffering the cataclysmic consequences of having a case dismissed without a hearing on the merits." *Id*. This Court concluded that the circuit court's "punishment was out of proportion to the crime." *Id*. at 127. We have held similarly in other decisions. See *Smith*, 155 Mich App at 232-234 (applying *Totman* and holding that dismissal of the appeal for failure to file a brief within the allotted time was "too harsh a remedy"); *Cody v Wickman, Inc*, 137 Mich App 560, 565-567; 358 NW2d 372 (1984) (holding that the plaintiff's mislabeled complaint, although technically not in compliance with the court rules, nonetheless was sufficient to vest the circuit court with jurisdiction to hear the appeal because it stated the action that was being brought, gave a sufficient recitation of the facts, gave the defendants notice, and did not prejudice the defendants).

The principles espoused in *Simpson*, *Smith*, *Totman*, *Cody*, and other decisions convince us that dismissal of Ward and Ragan's appeal was too harsh a punishment for the failure to serve proper notice on DeSalvo. DeSalvo produced no evidence to show that the failure was "intentional or flagrant." *Smith*, 155 Mich App at 232-234. Moreover, DeSalvo received actual notice, and she was able to prepare. Therefore, there was no prejudice to DeSalvo's rights. See *Totman*, 135 Mich App at 126-127. Finally, other, less extreme remedies existed to cure any inconvenience or costs to DeSalvo. *Smith*, 155 Mich App at 232-234.

    We vacate the circuit court's decision and remand for further proceedings consistent with
this opinion.  On remand, the circuit court may consider whether a less extreme sanction, such as
an award of additional attorney fees, is appropriate under the facts of this case.  We do not retain
jurisdiction.


                                                /s/ Stephen L. Borrello
                                                /s/ Brock A. Swartzle
                                                /s/ Thomas C. Cameron