COUPLE-GEAR FREIGHT WHEEL CO. *v.* LAKE SHORE &
MICHIGAN SOUTHERN RAILWAY CO.

APPEAL AND ERROR—COURT RULES—REVIEW.

Under Supreme Court Rule 40, providing that appellant
in his brief must show, distinct from argument, a state-
ment of the errors relied upon, the questions involved
and the manner in which they are raised, the court will
not search the record to discover whether errors have
been committed by the trial court in the trial of a case
without a jury, in rendering its findings, as counsel must
point out the errors claimed to have been committed in
such a manner that the Supreme Court may find particu-
lar exceptions well grounded and particular errors well
assigned.

Error to Kent; Brown, J. Submitted April 4, 1917.
(Docket No. 35.)   Decided May 31, 1917.   Rehearing
denied September 28, 1917.

Assumpsit by the Couple-Gear Freight Wheel Com-
pany against the Lake Shore & Michigan Southern
Railway Company for breach of a carrying contract.
Judgment for plaintiff. Defendant brings error. Af-
firmed.

*Clapperton, Owen & Hatten* (*Samuel H. Kelley,* of
counsel), for appellant.

*Thornton, Fuller & Starr,* for appellee.

PER CURIAM.   Plaintiff's declaration contains two
special counts and the common counts in assumpsit. It
is alleged in the special counts, in substance and effect,
that plaintiff, a Michigan corporation, delivered to de-
fendant at Grand Rapids, Mich., certain goods and
chattels to be transported to Marathon, Tex., there to
be delivered upon the order of plaintiff; the Texas

Motor Transportation Company to be notified. Before delivering the goods for shipment plaintiff had been informed by the defendant's agent that the charges for transportation would be approximately $178.80, and avers that the total freight charges, according to rates agreed upon, should have been $178.80. The goods were delivered for transportation April 16, 1910, and an order bill of lading was issued by defendant to plaintiff, the consignor and consignee in said bill of lading. The duty of defendant and connecting carriers to transport and within a reasonable time to deliver the said goods and chattels at Marathon, Tex., and not to demand or require of plaintiff, or its representative or assignee, payment of charges in excess of those agreed upon, is averred. The goods, it is alleged, arrived at Marathon, Tex., on or about May 6, 1910; the terminal carrier being the Galveston, Harrisburg & San Antonio Railway Company, which company notified the Texas Motor Transportation Company of their arrival, and of freight charges thereon of about $600, but afterwards, after considerable efforts had been made to reduce the said demand, on or about June 27, 1910, admitted that its demand was erroneous, and offered to accept $227.88, which it claimed was the legal charge. Plaintiff had contracted to sell said goods and chattels at Grand Rapids, Mich., for the sum of $3,987.10 to the Texas Motor Transportation Company, which said company was to pay the freight, and plaintiff had sent the order bill of lading, issued by defendant, with a draft attached, to a bank at Marathon, Tex. When notified of the arrival of said goods and chattels at Marathon, the Texas Motor Transportation Company was then, and until on or about June 14, 1910, ready, willing, and able to take the said goods and chattels from said terminal carrier, honor the said draft, and pay legal freight charges; but it refused to honor the draft, accept the goods, and pay the charges

demanded by the said final carrier.  On June 27, 1910,' when the said freight charges were reduced, said Texas Motor Transportation Company had become insolvent and unable to take the goods and pay the freight charges thereon.  Unable to dispose of the goods at Marathon, they were ordered by plaintiff to be returned to, and were returned to, Grand Rapids, Mich., on or about September 1, 1910.  Plaintiff lost a sale of the goods and a profit on them; the goods were deteriorated; it had to pay freight charges both ways. Defendant knew that the plaintiff had sold and contracted to sell the said goods "to parties in the said city of Marathon, Tex.," and had notice that the sale had been made of them "to the said Texas Motor Transportation Company, as and upon the terms aforesaid."  The amended declaration was filed November 7, 1914.  The plea is the general issue.  The cause came on to be tried March 15, 1915, before the court without a jury.  Testimony was introduced, and a finding of facts and of law was made and filed.  The conclusion of the court was that plaintiff ought to recover the sum of $3,031.50, with interest from September 27, 1912, and a judgment for plaintiff for $3,548.37 was entered.

How many days were occupied in the trial does not appear.  The finding of the court is dated May 9, 1916. When it was filed does not appear.  Certain amendments to the finding were proposed and refused.  They are six in number: five of them in the form of a finding of fact, and the sixth in form a conclusion of law. What particular finding, or findings, of fact made by the court these, or any of these, proposed findings amend, whether they, or any of them, are proposed in place of and as a substitute for some finding or findings of the court, is not indicated in their proposal, is not pointed out in the brief for the appellant, and is not discoverable, except by comparison and analysis.

The printed record does not show the time of proposing or refusing the amendments. Exceptions were filed August 17, 1916, and as to the findings of the court the exception is that "they are contrary to the clear weight of the evidence." The record contains certain exceptions to rulings admitting testimony, and upon these are based assignments of error, 19 in number, followed by assignments 20 and 21, which are, respectively, as follows:

"The court erred in rendering the judgment rendered for the plaintiff.

"The court erred in refusing to amend the findings of fact and law as requested by the defendant, and in the several conclusions of fact and law found by the court."

Act No. 314, Public Acts of 1915 (3 Comp. Laws 1915, § 12004 *et seq.*), was in force January 1, 1916. The Michigan court rules, adopted January 21, 1916, went into effect March 1, 1916, as to all causes begun on or after that date, and as to causes earlier begun were in effect to regulate proceedings therein after the date when the same were at issue. When this cause was begun and tried, Circuit Court Rule No. 26 of the rules of 1897 was in force. That rule differs little, if any, from Rule No. 45, adopted in January and going into effect in March, 1916. There is in Act No. 314, Pub. Acts 1915, chap. 18, §§ 14, 15 (3 Comp. Laws 1915, §§ 12586, 12587), the following provisions, affecting the trials of issues without a jury:

"SEC. 14. In giving the decision in actions at law, the court shall specify in writing the facts found and the conclusions of law therein, upon the request of either party. Such findings shall be forthwith filed with the clerk of the court and judgment entered thereon, and notice of the entry of such judgment shall be given to the parties, or their attorneys, by said clerk.

"SEC. 15. In such cases, either party may file ex-

ceptions to the findings of facts, that such findings are against the clear weight of evidence, and may assign error upon such exceptions, and if an appeal be taken, the same shall be reviewed by the Supreme Court."

Defendant did not, as it might have done under this rule, present to the trial court points of law, deemed to be material, to be passed upon specially; it has not alleged that the facts found by the court do not support the judgment; it has not alleged that the findings of fact, which are in the nature of special verdicts, are not supported by evidence. What questions are then presented for decision? Appellant's main brief does not answer this question, although in it one should find, distinct from argument, a statement of the errors relied upon, the questions involved, and the manner in which they are raised. Supreme Court Rule No. 40. The brief refers to no assignment of error, and specifically, in argument, to but one page of the record, an examination of which shows that no exception followed the ruling of the court, which was a tentative ruling only, made subject to the right to later move to strike out the testimony. No other reference is made in the main or the reply brief of appellant to any of the first 19 assignments of error. No exception is alleged to any matter of law embodied in the finding. It is not asserted that the facts found do not support the conclusion of law and the judgment. No effort is made in either brief for appellant to point out why, upon what testimony, the proposed amendments to the findings of fact should have been adopted, and no argument is made to support the proposition (twenty-first assignment of error as explained and amplified by the exceptions filed to the findings) that the findings are contrary to the clear weight of the evidence.

This court will not search the record to discover whether error has been committed by the trial court.

196—Mich.—28.

It is for counsel to point out the errors claimed to have been committed in such manner· that this court may find particular exceptions well grounded and particular errors well assigned.

There being no question presented for decision, the judgment is affirmed.