TOTMAN v ROYAL OAK SCHOOL DISTRICT

Docket No. 73963. Submitted April 16, 1984, at Detroit.—Decided June 4, 1984.

Frederick H. Totman sought unemployment benefits after being laid off by his employer, the Royal Oak School District. A hearing referee determined that his layoff was due to a labor dispute within the meaning of the Employment Security Act. The Employment Security Commission's Board of Review affirmed, with one member dissenting. Totman filed a timely claim of appeal in the Oakland Circuit Court. The school district filed a motion for an order to show cause why the appeal should not be dismissed for failure to file a brief as required by the court rules. Totman answered that the appeal should not be dismissed because, under the court rules, a timely filing of a claim of appeal constitutes the taking of an appeal, appeals from the board of review are heard by the circuit court on the certified record, and the certified record contained a dissenting opinion which he adopted as his brief in the circuit court. The court, Hilda R. Gage, J., dismissed the appeal. Totman appealed. *Held:*

The court rules require the filing of a brief on appeal. Appellate briefs are required so that the reviewing court does not have to search the record to discover whether error has been committed and ascertain the authority to support the alleged error. Adoption of a dissenting opinion below which contains statutory and case citations, legal argument and the pertinent facts satisfactorily complies with the requirement that an appellant file a brief.

Reversed.

1. APPEAL — ADMINISTRATIVE LAW — EMPLOYMENT SECURITY COMMISSION — BRIEFS — COURT RULES.

An appellant from an order of the Employment Security Commis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 539 *et seq.*
  76 Am Jur 2d, Unemployment Compensation § 93.
[2] 5 Am Jur 2d, Appeal and Error § 684 *et seq.*

sion to the circuit court is required by the General Court Rules
to file a brief (GCR 1963, 701.9[a], 706.2[d]).

2. Appeal — Briefs — Court Rules.

Appellate briefs are required so that the reviewing court does not
have to search the record to discover whether error has been
committed and ascertain the authority to support the alleged
error; adoption of a dissenting opinion below which contains
statutory and case citations, legal argument and the pertinent
facts satisfactorily complies with the requirement that an
appellant file a brief (GCR 1963, 701.9[a]).

Frederick H. Totman, *in propria persona.*

*Goodenough, Smith & May* (by *John A. Forest),*
for Royal Oak School District.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Catherine M. Flem-
ing,* Assistant Attorney General, for Employment
Security Commission.

Before: Shepherd, P.J., and Beasley and W. J.
Caprathe,* JJ.

Shepherd, P.J. Frederick Totman appeals as of
right from an Oakland County Circuit Court order
dismissing his appeal from the Michigan Employ-
ment Security Commission for failure to file a
brief. Both below and on appeal, appellant has
proceeded *in propria persona.*

Appellant was employed by the School District
of Royal Oak from December 13, 1971, to Septem-
ber 11, 1981. On September 14, 1981, he filed for
unemployment benefits, indicating that his layoff
was for lack of work. MESC disqualified him,
finding that his unemployment was due to a labor
dispute within the meaning of § 29(8)(a) of the
Michigan Employment Security Act, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

421.29(8)(a); MSA 17.531(8)(a). Following a hearing, the disqualification was affirmed by the referee on December 10, 1982. In an opinion dated April 29, 1983, the board of review affirmed, with one member dissenting.

On May 19, 1983, appellant filed a timely claim of appeal with the Oakland County Circuit Court. Appellee School District of Royal Oak filed an ex parte motion for an order to show cause why appellant's appeal should not be dismissed pursuant to GCR 1963, 701.13(b) for failure to file a brief as required by GCR 1963, 701.9(a). Appellant answered appellee's motion, arguing that the appeal should not be dismissed because, under GCR 1963, 706.2(a), a timely filing of a claim of appeal constitutes the taking of an appeal and because GCR 1963, 706.2(d) states that appeals from the board of review are heard by the circuit court on the certified record and the certified record contained a dissenting opinion which appellant adopted as his brief in the circuit court. The trial judge apparently disagreed and on September 7, 1983, entered an order dismissing appellant's appeal for failure to timely file his brief.

Appellant appealed as of right to this Court. His brief on appeal contained two issues. The first was whether the circuit court erred in dismissing his appeal. The second was whether the decision of the board of review was supported by substantial evidence on the record. Appellees filed a motion to strike the second question in appellant's brief since the circuit court had not reviewed the merits of the board's decision. This Court agreed, granting appellees' motion to strike on January 3, 1984. The only issue on appeal is whether the circuit court abused its discretion by dismissing appellant's appeal for failure to file a brief.

Section 38 of the Michigan Employemnt Security Act, MCL 421.38; MSA 17.540, provides for circuit court review of appeal board decisions and that such review be "by any method permissible under the rules and practices of the circuit courts of this state". MCL 421.38(1); MSA 17.540(1). GCR 1963, 706, which governs appeals under the Michigan Employment Security Act, provides in part:

"(d) The appeal is heard by the circuit court on the certified record. Briefs and oral argument are governed by sub-rules 701.9-701.11." GCR 1963, 706.2(d).

Under this section, GCR 1963, 701.9 governs the filing and service of briefs. GCR 1963, 701.9(a) provides that:

"(a) Within 20 days after the trial court clerk notifies the parties that the record has been sent to the circuit court, the appellant shall file a brief in the circuit court and serve it on the appellee. Appellant shall notify the trial court of the filing. The appellee may file and serve a reply brief within 20 days after the appellant's brief is served on him. Briefs must comply with GCR 1963, 813 and 814."

In the instant case, appellant did not file a brief, as required by GCR 1963, 701.9(a). He argued below in his answer to the motion to show cause, and now argues on appeal, that his appeal should not be dismissed for two reasons. First, because GCR 1963, 701.9(a) is merely advisory and the filing of a brief was discretionary. Second, since GCR 1963, 706 states that the appeal is heard by the circuit court on the certified record and the certified record contained a dissenting opinion, this dissent should serve as appellant's brief on appeal in the circuit court. Appellees argue that, since

compliance with the court rules is mandatory, the circuit court did not abuse its discretion by dismissing the appeal.

We disagree with appellant's assertion that the requirement of briefs is discretionary. The clear language of GCR 1963, 701.9(a) states that "appellant *shall* file a brief in the circuit court and serve it on the appellee". However, the decision whether to dismiss an appeal for failure to comply with this requirement is left to the circuit court's discretion. See *Kassin v Arc-Mation, Inc,* 94 Mich App 520, 523-524; 288 NW2d 413 (1979), *app dis,* 411 Mich 1065 (1981). We agree with appellant that the dismissal of his appeal was an abuse of discretion.

On numerous occasions appellate courts have held that failure to file an appellate brief is a waiver of the right to participate in the appeal and justifies dismissal. See *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959); *Higgins v Higgins,* 351 Mich 214, 215; 88 NW2d 292 (1958); *Anchor Bay Concerned Citizens v Anchor Bay Bd of Ed,* 55 Mich App 428, 430-431; 223 NW2d 3 (1974). Appellate briefs are required so that the reviewing court does not have to search the record to discover whether error has been committed and ascertain the authority to support the alleged error. *Mitcham, supra; Couple-Gear Freight Wheel Co v Lake Shore & M S R Co,* 196 Mich 429, 433-434; 163 NW 25 (1917). In the instant case, the certified record contained a statement of facts which could sufficiently inform the court of the underlying facts and issues on appeal. The dissenting opinion relied on by the appellant contains statutory and case citations as well as a legal argument why the decision of the referee should be reversed. The circuit court would not be re-

quired to search the record for the pertinent facts or authority in support of appellant's position.

We believe that appellant adequately showed cause why his appeal should not be dismissed and complied with the requirement of GCR 1963, 701.9(a) by adopting the dissenting opinion as his brief. The circuit court's order dismissing his appeal was a harsh penalty in light of the fact that appellant was proceeding *in propria persona.* We agree with the appellees that a person acting *in propria persona* should be held to the same standards as members of the bar. However, in the instant case, appellant's adoption of the dissenting opinion served the purpose behind the requirement of an appellate brief. Had appellant retyped the dissenting opinion and labelled it "BRIEF" it would have fully complied with the requirements of the rule. His failure to do so constitutes an error on his part resulting in a defect in the proceedings but the general court rules wisely contemplated that litigants and lawyers might make such errors without suffering the cataclysmic consequence of having a case dismissed without a hearing on the merits:

"These rules are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties." GCR 1963, 13.

See *Rockwell v Vandenbosch,* 27 Mich App 583; 183 NW2d 900 (1970).

This idea of allowing minor errors to have no adverse consequences finds its counterpart in the concept of harmless error as applied to trial judges. Not every mistake made by a trial court

requires reversal, especially where the error is slight and the prejudice is minimal. There is no right to a perfect trial—only a fair trial is mandated. See *People v Herrera,* 12 Mich App 67; 162 NW2d 330 (1968). *Indiana & Michigan Electric Co v Miller,* 19 Mich App 16; 172 NW2d 223 (1969), *lv den* 383 Mich 781 (1970). Litigants and lawyers are entitled to similar treatment. Although the trial judge was correct in stating that appellant had erred, we, in the exercise of our appellate function, find that the punishment was out of proportion to the crime.

Reversed and remanded for a hearing on the merits at which the dissenting opinion of the board of review shall be treated as appellant's brief. We express no opinion on the merits of appellant's case and we do not retain jurisdiction.

No costs, a public question being involved.