# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re CATHERINE ETHINGTON LIVING TRUST.

---

MICHAEL ETHINGTON, Trustee of the CATHERINE ETHINGTON LIVING TRUST,

      Appellee,

v

ANN ETHINGTON,

      Appellant,

and

DAN ETHINGTON, JIM ETHINGTON, and MARY SCOVIAC,

      Other Parties.

UNPUBLISHED
July 10, 2018

Nos. 335904; 336370; 337643
Genesee Probate Court
LC No. 14-200566-TV

---

In re ESTATE OF CATHERINE ETHINGTON.

---

MICHAEL ETHINGTON, Personal Representative of the ESTATE OF CATHERINE ETHINGTON,

      Appellee,

v

ANN ETHINGTON,

      Appellant,

and

Nos. 335905; 337644
Genesee Probate Court
LC No. 15-201989-DE

DAN ETHINGTON, JIM ETHINGTON, and
MARY SCOVIAC,

　　　　　　Other Parties.

_____

Before:  SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

These consolidated appeals arise out of a probate dispute between siblings over the decedent estate and trust of their deceased mother, Catherine Ethington.  Appellant Ann Ethington, proceeding *in propria persona*, appeals as of right several different orders entered by the probate court over the course of the proceedings below.  We affirm.

Appellant has attempted to raise numerous claims of error on appeal.  However, given that "a person acting *in propria persona* should be held to the same standards as members of the bar," *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984), and that this Court will not seek out authority to sustain a party's position, *Hughes v Almena Twp*, 284 Mich App 50, 71; 771 NW2d 453 (2009), the facial deficiencies in appellant's pro se briefs are so substantial that we feel obligated to deem all of her claims of error abandoned.  Among other things, contrary to MCR 7.212(C)(6), none of her briefs include—or come close to including—a statement of facts that is "a clear, concise, and chronological narrative," fairly reciting "[a]ll material facts, both favorable and unfavorable, . . . without argument or bias."  Also contrary to MCR 7.212(C)(6), with rare exceptions the statements of facts in appellant's briefs do not contain *any* citations to record evidence, let alone "specific page references" to supporting materials.  Her brief in Docket Nos. 337643 and 337644 does not comply with MCR 7.212(C)(2), failing to include a table of contents.  And contrary to MCR 7.212(C)(7), the argument sections in all of her briefs do not cite adequate supporting legal authority (the majority contain *no* citations), are unsupported by reference to record evidence, do not internally reproduce or append the materials required to review the issues raised, and contain no explanation of whether the issues were duly preserved for appellate review.

In other words, appellant repeatedly "announces" that error occurred, but she does not set forth the particulars, neglecting the "what," the "why," and the "where[,]" which "is insufficient to present these questions for consideration in this forum."  *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).  As explained in *Mitcham*,

> [i]t is not enough for an appellant . . . to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for h[er] claims, or unravel and elaborate . . . h[er] arguments, and then search for authority either to sustain or reject h[er] position.  The appellant . . . must first adequately prime the pump; only then does the appellate well begin to flow.  [*Id*.]

We conclude that appellant has abandoned all of her claims of error in these appeals, presenting nothing sufficiently substantive to prime the proverbial pump of appellate review.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood