*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROMEO WILSON,

        Plaintiff-Appellant,

v

DEBRA SUE GABITES and JORDAN GABITES,

        Defendants-Appellees.

UNPUBLISHED
June 18, 2019

No. 342477
Kent Circuit Court
LC No. 16-008952-NI

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Plaintiff, acting *in propria persona*, appeals as of right the trial court's order granting defendants' motion for a directed verdict. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises out of a traffic accident between plaintiff, a bicyclist, and defendant, Jordan Gabites, the driver of a vehicle owned and insured by her mother, defendant Debra Sue Gabites.[1] On September 23, 2015, plaintiff was riding his bicycle across the street in the crosswalk when the Gabites' vehicle made contact with the back end of his bike, causing him to flip over the bike. Plaintiff could not see the Gabites' vehicle because a dump truck blocked his view. In the police report, plaintiff was faulted for the accident, by concluding that he cut across the street on a red traffic light. Plaintiff disputed that narrative, contending that the police misidentified the direction he was traveling to reach that conclusion. Rather, he testified that the "walk" sign was displayed when he crossed the street. Plaintiff characterized the incident as a "freak accident," citing the fact that plaintiff and defendant shared the same date of birth.

On the contrary, defendant testified that she was stopped at a red traffic light when the light changed to green. After looking both ways, she started to drive when the garbage or utility

---

[1] The singular "defendant" refers to Jordan Gabites.

truck in the next lane paused or slowed down, but the change in pace did not give her cause for concern. Defendant kept driving and hit plaintiff with the car. She immediately slammed on the brakes, but plaintiff travelled over the hood, landing toward the passenger side of the car. Defendant testified that plaintiff was not bicycling in the crosswalk. She first saw plaintiff at the time of impact, but denied that she was travelling fast at the time. Defendant did not receive a ticket or citation for the accident, and she noted that the police report attributed fault to plaintiff. Defendant opined that there was nothing she could have done to avoid striking plaintiff.

At trial, plaintiff's testimony lacked focus. Nonetheless, he conveyed that he suffered injuries to his back, neck, head, jaw, and a tooth as well as suffered hearing loss, and he attributed them to the accident. However, in his deposition, he cited injuries to his back, left knee, right shoulder, head, and migraines. On redirect examination, plaintiff clarified that his current health issue was a lack of strength in his right arm and indicated that most of his other issues were resolved. However, plaintiff acknowledged suffering from other medical issues throughout the years and did not admit his medical records to demonstrate specific injuries were caused by the accident. Although he delineated a long list of injuries, plaintiff testified that he learned to manage pain through pressure points and worked out at a gym following the accident. Additionally, plaintiff's testimony regarding his pre and postaccident lifestyle was jumbled. He acknowledged that he began to receive disability payments a few years before the accident, but stated that he continued to perform odd jobs. Plaintiff gave no indication that he had to cease this work after the accident. The trial court granted defendants' motion for directed verdict, concluding that there was insufficient evidence to support the claim that plaintiff suffered a serious impairment of body function as a result of the accident. Plaintiff appeals this decision.

## II. DIRECTED VERDICT[2]

Plaintiff seemingly contends the trial court improperly granted the defense motion for directed verdict because defendant admitted to striking plaintiff with the vehicle, he suffered injury, and a monetary verdict should have been rendered by the jury in light of his medical bills. Because plaintiff did not establish an objective manifestation of an important body function that affected his general ability to lead a normal life, the court properly granted the directed verdict.

This Court reviews a trial court's decision regarding a motion for a directed verdict de novo. *Meagher v Wayne State University*, 222 Mich App 700, 708; 565 NW2d 401 (1997). "When evaluating a motion for a directed verdict, a court must consider the evidence in the light most favorable to the nonmoving party, making all reasonable inferences in favor of the nonmoving party." *Id*. "Directed verdicts are appropriate only when no factual question exists upon which reasonable minds may differ." *Id*.

---

[2] As an initial matter, we note that the content of plaintiff's brief does not comport with MCR 7.212(C), and plaintiff is held to the same standards as an attorney. *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984). Furthermore, a party may not merely declare a position and leave it to this Court to discover and rationalize the basis for the claim. *Southfield Ed Ass'n v Bd of Ed of Southfield Public Sch*, 320 Mich App 353, 379; 909 NW2d 1 (2017). Nonetheless, we reach the merits of the issue raised on appeal.

"Tort liability is limited under the Michigan no-fault act." *Patrick v Turkelson*, 322 Mich App 595, 606; 913 NW2d 369 (2018). According to MCL 500.3135(1), "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." In this case, plaintiff apparently claimed entitlement to noneconomic damages because he suffered serious impairment of body function as a result of the accident.

MCL 500.3135(5) defines "serious impairment of body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." In *McCormick v Carrier*, 487 Mich 180, 195; 795 NW2d 517 (2010), the Michigan Supreme Court stated that three prongs are necessary to establish a " 'serious impairment of body function': (1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." The question whether an injured party has suffered a serious impairment presents a question of law for the court if there is no factual dispute surrounding the nature and extent of the person's injuries or any factual dispute is immaterial to determining whether the standard was met. MCL 500.3135(2)(a); *McCormick*, 487 Mich at 190-191.

In this case, the trial court properly granted defendants' motion for a directed verdict because even viewing the evidence in the light most favorable to plaintiff, see *Meagher*, 222 Mich App at 708, plaintiff failed to prove the three prongs necessary to establish serious impairment of body function. Specifically, plaintiff did not demonstrate that his injuries affected his general ability to lead a normal life. *McCormick*, 487 Mich at 200-202. He did not adequately compare his preaccident life with his postaccident life. Plaintiff acknowledged that he received disability benefits before the accident and performed odd jobs for money. However, he failed to delineate how the accident impacted his work. Plaintiff also did not offer any testimony regarding any activities that he did before the accident that he could no longer perform because of the injuries caused by the accident. Accordingly, even considering the evidence in plaintiff's favor, see *Meagher*, 222 Mich App at 708, he failed to establish that any impairment as a result of the accident affected his general ability to lead his normal life. See *McCormick*, 487 Mich at 200-202. Therefore, the trial court properly granted defendants' motion for a directed verdict.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford