*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re CONSERVATORSHIP OF BESSIE FOTINEAS.

BARBARA ANDRUCCIOLI, as Conservator for BESSIE FOTINEAS, and JOHN K. MALONEY,

      Appellees,

v

GEORGE FOTINEAS,

      Appellant,

and

PHILIP FRANK FOTINEAS and CHRISTINE FOTINEAS,

      Other Parties.

UNPUBLISHED
December 26, 2019

No. 344268
Oakland Probate Court
LC No. 2014-358973-CA

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

Appellant, proceeding *in propria persona*, appeals as of right the probate court's order terminating the conservatorship of his mother, Bessie Fotineas. We affirm.

Preliminarily, we note that many of appellant's arguments on appeal involve challenges to the probate court's January 29, 2019 order approving the conservator's fourth and final account. These issues are not properly before this Court. Appellant filed his claim of appeal on June 14, 2018, from the probate court's May 24, 2018 order terminating the conservatorship. An appellant may not challenge subsequent orders that were entered after a claim of appeal has been filed. *Gracey v Grosse Pointe Farms Clerk*, 182 Mich App 193, 197; 452 NW2d 471 (1990) (observing that an appeal from a final order will encompass all preceding interlocutory orders,

-1-

but "it does not bring before the reviewing court any subsequent orders"). Therefore, to the extent that appellant raises myriad objections associated with the probate court's order allowing the fourth and final account, these challenges are not properly before this Court and we decline to consider them.[1]

With respect to the probate court's order terminating the conservatorship for Bessie Fotineas, the patent deficiencies in appellant's pro se brief are fatal to his appeal. Appellant's statement of questions presented does not present any cognizant legal questions, but instead are styled as factual questions to appellees and various nonparty attorneys. Further, appellant does not present any meaningful legal arguments, and he also fails to cite any legal authority or factual support for the various statements in his brief. "[A] person acting *in propria persona* should be held to the same standards as members of the bar." *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984). By failing to state any legal questions, present any meaningful legal arguments, or cite any supporting authority, appellant has abandoned or waived any claim of error. *Johnson v Johnson*, ___ Mich App ___, ___; ___ NW2d ___ (Docket Nos. 345803; 345955, issued 7/18/19); slip op at 8 (failure to cite legal authority renders an issue abandoned); *Movie Mania Metro, Inc v GZ DVD's Inc*, 306 Mich App 594, 605-606; 857 NW2d 677 (2014) ("[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority") (citations and quotation marks omitted); *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004) ("An issue not contained in the statement of questions presented is waived on appeal.") Waiver extinguishes any error and precludes appellate review. *The Cadle Co v Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009).

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher

---

[1] Under MCR 5.801(2)(x), appellant could have filed a claim of appeal from the probate court's order approving the final account.