*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of PF.

CHRISTINE FOTINEAS, Guardian of PF, a legally protected person, and BESSIE FOTINEAS,

UNPUBLISHED
June 15, 2023

Appellees,

v

No. 363798
Oakland Probate Court
LC No. 1984-161383-GA

GEORGE FOTINEAS,

Appellant.

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this guardianship proceeding, appellant, George Fotineas, appeals by right the probate court's order stating that he has never been PF's guardian, that he cannot make legal decisions for PF, cannot act on PF's behalf, shall not have any contact with AAA Michigan, the no-fault insurer of PF, and shall not provide attendant care to PF. We affirm.

## I. BACKGROUND

PF has severe brain and spinal cord injuries that he sustained in 1983. PF's guardian is Christine Fotineas. PF, Christine, and George are siblings. Their mother, Bessie Fotineas, who was also under the guardianship of Christine, died on December 7, 2021. Before Bessie died, George provided attendant care to both PF and Bessie and received compensation for his services. He provided that care at a home in Waterford that used to belong to Bessie. George has not provided care to PF since December 2021. PF currently lives in a house in Highland with Christine.

Title to the Waterford home is held by the Revocable Living Trust of Frank & Bessie Fotineas. After Bessie died, Christine became the sole successor trustee of that trust. Christine had the home inspected in January 2022 which revealed black mold that made the home uninhabitable. On behalf of the trust, Christine filed a complaint for possession and obtained a

-1-

judgment of possession and order of eviction requiring George to vacate the Waterford home. Christine hired contractors to perform mold remediation and repairs to prepare the house for sale.

George has not provided care to PF or been paid by Christine since December 2021. Christine does not believe he is fit to take care of PF, and George has no place in which to provide PF care. George filed motions in the probate court in pro se seeking to provide care for PF for reduced compensation and requested an agreement in that regard and seeking permission to enter the Waterford property and control the work performed there. The probate court denied his motions and ordered that he lacked legal authority to make decisions on behalf of PF and could not provide attendant care for PF. George next petitioned the probate court to permit him to enter the Waterford property to get his clothes and to supervise its restoration by contractors, and he requested a fair resolution. The probate court found and ordered that George had never been PF's legal guardian and lacked authority to make decisions or act on PF's behalf. The probate court ordered George to have no contact whatsoever with PF's no-fault insurer, and ordered that George shall not provide PF attendant care in any manner until further order of the court.

## II. STANDARD OF REVIEW

The applicable standard of review for probate court decisions is as follows:

We review the probate court's dispositional rulings for an abuse of discretion. A probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. We review the probate court's findings of fact for clear error. A factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. We review de novo any statutory or constitutional interpretation by the probate court. [*In re Guardianship of Redd*, 321 Mich App 398, 403-404; 909 NW2d 289 (2017) (quotation marks and citations omitted).]

## III. ANALYSIS

On appeal, George requests to resume caregiving responsibilities for PF at the Waterford house and receive compensation for those services. He vaguely alludes to an agreement made in the probate court during 2018 regarding compensation for attendant care retroactive from January 2022 to the present. George's appeal brief, however, is deficient in many ways including that it fails to present a concise and understandable statement of facts and fails to present cogent, decipherable arguments supported by applicable law.

An appellant is required to support its position with citation to authority, and may not simply announce a position or assert an error and expect this Court to search for authority to support its position. Where an appellant fails to properly support an argument, this Court may reject it as abandoned. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). "This Court is not required to search for authority to sustain or reject a position raised by a party without citation of authority." *Id.* (citations omitted). "It is not enough for an appellant in his brief simply to . . . assert an error and then leave it up to this Court to . . . unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id.* (citations omitted). "[A] person acting *in propria persona* should be held to the

-2-

same standards as members of the bar." *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984).

Unfortunately, George has failed to make legal arguments in support of his claims of error. The only statute or legal authority he cites in the argument section of his appeal brief is MCL 600.1405, which pertains to the rights of third party beneficiaries which is not relevant to this case. George provides no legal analysis of any kind in support of his position. Moreover, analysis of the record in this case does not reveal any errors committed by the probate court that would warrant granting George any relief. The probate court properly ruled that George lacked any legal authority to make decisions for or act on PF's behalf in any manner, and had no right to provide attendant care for him or receive any compensation for such care.

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney