*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER DE FILIPPIS,

Plaintiff-Appellant,

v

REDFORD POLICE DEPARTMENT,

Defendant-Appellee.

UNPUBLISHED
July 6, 2023

No. 359734
Wayne Circuit Court
LC No. 21-001626-CZ

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right a December 7, 2021 order denying his motion to recuse the trial judge, following the entry of an October 28, 2021 order granting summary disposition to defendant and dismissing plaintiff's complaint with prejudice. We affirm.

Plaintiff is a serial litigant who is proceeding *in propria persona*. He has filed multiple unsuccessful lawsuits and appeals related to the same underlying events, which involve his encounters with defendant in 2013 and 2014, including the issuance of an arrest warrant against him. The underlying dispute involved an investigation and prosecution of plaintiff in Redford Township for telephonic-harassment and a subsequent guilty plea for driving without a license. Sanctions have previously been awarded against plaintiff for being a vexatious litigator. See *DeFilippis v Dep't of Civil Rights*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2020 (Docket No. 350894)[1] (*DeFilippis I*). In May 2019, a Wayne Circuit Court judge entered an order barring plaintiff from filing any new lawsuits in the Wayne Circuit Court without seeking and obtaining the approval of the Chief Judge. Plaintiff nonetheless continued to file new lawsuits, including the present action, without complying with the May 2019 order. In the present case, defendant moved for summary disposition on multiple bases, including plaintiff's lack of compliance with the May 2019 order, and the trial court granted defendant's motion. Plaintiff then moved to recuse the trial judge, who denied the recusal motion as moot because the

---

[1] Plaintiff's last name is spelled De Filippis, but we will use the spelling consistent with the opinion to avoid further confusion.

order dismissing the case had already been entered and there were no further proceedings or rulings that were necessary. This appeal ensued.

On appeal, plaintiff presents arguments challenging the trial court's summary disposition ruling and the denial of his motion to recuse the trial judge. Plaintiff also challenges this Court's case-call assignment procedure.

A trial court's ruling on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). The trial court did not specify the subrule under which summary disposition was granted, but the court's reasoning reflects that summary disposition was granted because of plaintiff's failure to comply with the May 2019 order requiring him to seek and obtain the permission of the chief judge before filing a new lawsuit. Defendant's argument for summary disposition on this basis was premised primarily on MCR 2.116(C)(7), which was the appropriate subrule. "When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011).

"The factual findings underlying a ruling on a motion for [judicial] disqualification are reviewed for an abuse of discretion, while application of the facts to the law is reviewed de novo." *Butler v Simmons-Butler*, 308 Mich App 195, 226; 863 NW2d 677 (2014), citing *Cain v Dep't of Corrections*, 451 Mich 470, 503; 548 NW2d 210 (1996), and *In re Contempt of Henry*, 282 Mich App 656, 679; 765 NW2d 44 (2009). "An abuse of discretion occurs when the decision is outside the range of reasonable and principled outcomes." *Butler*, 308 Mich App at 226.

Plaintiff's argument challenging this Court's case-call assignment procedure could be viewed as concerning a matter of appellate procedure. Procedural issues involving questions of law are reviewed de novo. *In re BZ*, 264 Mich App 286, 291; 690 NW2d 505 (2004). Also, to the extent plaintiff is asserting a violation of his right to due process, the issue is reviewed de novo. *In re Sangster*, 340 Mich App 60, 68; 985 NW2d 245 (2022).

This Court has explained "that a person acting *in propria persona* should be held to the same standards as members of the bar." *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984). It is nonetheless recognized that documents submitted by pro se litigants are to be construed liberally. *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976). As already discussed, plaintiff is a serial litigant who has filed multiple unsuccessful lawsuits and appeals related to the same underlying events, that sanctions have been awarded against him, and that he has been barred from filing new lawsuits below without the approval of the Chief Judge of the Wayne Circuit Court. Liberally construing plaintiff's brief, his appellate presentation is lacking. The brief contains rambling assertions and ad hominem attacks on multiple judges of the Wayne Circuit Court and this Court as well as the staff of both courts. He largely fails to focus on the relevant decisions that were made by the trial court in this case or on anything that would entitle him to relief in this appeal, instead devoting much of his argument to the underlying facts regarding his interactions with defendant in 2013 and 2014, as well as events that occurred in other lawsuits and other appeals that are not pertinent here. Plaintiff also fails to cite

relevant authorities in support of any of his arguments. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (citation omitted). Even so, we will address plaintiff's arguments as we understand.

Plaintiff seems to challenge the trial court's grant of summary disposition to defendant. Plaintiff's argument lacks merit. As this Court noted in another of plaintiff's appeals, a May 2019 order entered by a judge of the Wayne Circuit Court in one of plaintiff's earlier cases provided:

> It is Further Ordered that plaintiff shall be precluded from filing any more motions in this case, or any other lawsuits related to this matter in the Wayne County Circuit Court, without first providing a paper copy of the motion, brief, and all exhibits, and/or Complaint, to the Chief Judge of this Court and thereafter obtaining leave from the Chief Judge of this Court to e-file a motion in this case or a Complaint in a new case. [*DeFilippis v Redford Police Dep't*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2022 (Docket No. 356168)[2] (*DeFilippis II*), pp 4-5 (brackets omitted).[3]]

Plaintiff failed to comply with this order. He did not request and obtain permission from the Wayne County Circuit Court Chief Judge before filing this lawsuit. Plaintiff argues that he had been in communication with the Chief Judge's clerk, including with respect to other matters. Plaintiff seems to intimate that he made efforts to initiate the prefiling-review process but fails to indicate precisely when he did so. Plaintiff does not assert that he sought and obtained leave from the Chief Judge before filing this lawsuit. Nor has plaintiff provided any evidence that would support such an assertion. It is thus beyond any reasonable dispute that plaintiff failed to comply with the May 2019 order. Therefore, the circuit court's dismissal of plaintiff's complaint was proper. See *id*. at 5 (concluding that dismissal of another of plaintiff's cases was proper because he failed to comply with the May 2019 order).

Next, plaintiff seems to challenge the denial of his motion to recuse the trial judge. Again, the circuit court denied plaintiff's recusal motion on the ground that it was moot. The court explained that plaintiff filed his recusal motion after the entry of the October 28, 2021 order granting summary disposition to defendant and dismissing plaintiff's complaint with prejudice, and the court noted that there was no indication of any supplemental proceedings or further rulings that were necessary. During oral argument, plaintiff conceded the recusal motion was moot. And, even absent plaintiff's concession he failed to address the trial court's mootness rationale for denying the recusal motion. "When an appellant fails to address the basis of a trial court's decision, this Court need not even consider granting relief." *Seifeddine*, 327 Mich App at 522. And, given our conclusion that summary disposition was properly granted to defendant because of plaintiff's failure to comply with the May 2019 order, the issue regarding disqualification of the trial judge

---

[2] See footnote 1.

[3] A copy of the May 2019 order was attached to defendant's motion for summary disposition in this case.

is moot. This Court generally does not decide moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights. An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *Id*. (citation omitted). Because we have determined on de novo review that summary disposition for defendant was proper, any issue regarding the trial judge's disqualification is rendered moot. There will be no further proceedings before the trial judge in this case, and even if the trial judge should have been disqualified, we have reviewed the summary-disposition issue anew, without any deference to the trial judge, and we have concluded that summary disposition for defendant was proper. Therefore, it is impossible to grant relief to plaintiff on the disqualification issue, thereby rendering the issue moot.

Moreover, although not necessary to the resolution of the issue, we note that, even if the issue was not moot, denial of plaintiff's motion to recuse the trial judge would have been proper on other grounds. A motion for judicial disqualification "must be filed within 14 days of the discovery of the grounds for disqualification," MCR 2.003(D)(1)(a),[4] or within 14 days of when the moving party "should have discovered the alleged bases for disqualification . . . ." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). Plaintiff filed his motion for recusal of the trial judge on November 8, 2021. He asserted that recusal was required because of the trial judge's behavior, both on and off the record, at the October 20, 2021 hearing on defendant's motion for summary disposition. Hence, the alleged bias was or should have been discovered more than 14 days before the recusal motion was filed. It would thus have been proper for the trial court to deny the recusal motion on that basis alone. See *id*. ("Because respondent's motion for disqualification was filed more than 14 days after he knew or should have discovered the alleged bases for disqualification, it was untimely and was, therefore, properly denied."); *DeFilippis II*, unpub op at 6 (providing a similar analysis regarding the untimeliness of another judicial-disqualification motion filed by plaintiff in another of his cases).

Further, while it is again unnecessary to the analysis, we note that plaintiff failed to establish any disqualifying bias on the part of the trial judge. "[T]he party who challenges a judge on the basis of bias or prejudice must overcome a heavy presumption of judicial impartiality." *Cain*, 451 Mich at 497. "Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous." *In re MKK*, 286 Mich App at 566. A trial judge's remarks that "are critical of or hostile to counsel, the parties, or their cases, ordinarily do not establish disqualifying bias." *Id*. at 567. "Moreover, partiality is not established by expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women sometimes display." *People v McIntire*, 232

---

[4] A due-process ground for disqualification is also subject to the time limitation of the court rule. See *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009) ("[W]e disagree with [the] respondent's assertion that his due process ground for disqualification should not be subject to the [14-day] time limitation.").

Mich App 71, 105; 591 NW2d 231 (1998), rev'd on other grounds 461 Mich 147 (1999), citing *Cain*, 451 Mich at 497 n 30.

Review of the October 20, 2021 hearing transcript reflects that the trial judge was patient and courteous with plaintiff. Plaintiff was afforded ample opportunity to present his arguments. At times, the trial judge gently interceded to redirect plaintiff to focus on the issues before it given plaintiff's tendency to discuss matters that were not pertinent. There was no indication of disqualifying bias or partiality on the trial judge's part.[5] Thus, denial of plaintiff's motion for recusal would have been proper even if it had been timely filed and was not moot.

And even if the trial judge had recused himself and a different judge had been assigned, the outcome of the case would not have been different. The fact would still remain that plaintiff failed to comply with the May 2019 order requiring him to seek prefiling review from the Chief Judge, thereby warranting dismissal of the case. Plaintiff would thus not be entitled to relief in any event. See *DeFilippis II*, unpub op at 7 (making the same point in the same type of context).

Next, plaintiff asserts that there were certain errors in the trial court's December 7, 2021 opinion and order. Plaintiff notes that the caption of the December 7, 2021 opinion and order incorrectly identified defendant as the "City of Redford," rather than Redford Police Department. But this made no difference to the trial court's analysis. Also, in summarizing the underlying facts, the trial court said it did not appear that plaintiff was ever arrested, and plaintiff says this is incorrect. Again, this had nothing to do with the substance or the basis of the trial court's rulings on any relevant issues. MCR 2.613(A) provides:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

In applying MCR 2.613(A), this Court has explained that a lower "court's error is harmless if it is not decisive to the case's outcome." *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017); see also *In re Williams*, 333 Mich App 172, 181; 958 NW2d 629 (2020) ("An error

---

[5] In his brief on appeal, plaintiff asserted that the trial judge made comments indicating bias while off the record at the time of the October 20, 2021 hearing, but the lower court record contains no support for plaintiff's assertion. Plaintiff also said in his appellate brief that he had an audio recording of a December 3, 2021 telephone conversation that he had with the trial judge, and plaintiff said that he was going to play this audio recording, along with a recording of a different conversation with a lower court staff person, at oral argument in this Court. When plaintiff attempted to play the audio during oral argument, the panel advised that such audio recordings are not part of the lower court record and could not be considered. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

does not require reversal if it was not decisive to the outcome of the case."). Because these alleged errors were not decisive to the outcome, plaintiff is not entitled to reversal.

Finally, plaintiff asserts that this Court's case-call assignment procedure has been manipulated so that judges appointed by a particular governor have been assigned to his appeals. He suggests that certain individual judges of this Court and its Clerk's Office have been involved in some type of conspiracy against him. Plaintiff further contends that his right to due process has been violated by the alleged manipulation of the case-call assignment procedure. Plaintiff, however, cites no authority and presents no substantive argument to support such a conclusion. His argument is thus abandoned due to his inadequate briefing. *Seifeddine*, 327 Mich App at 519-520. In any event, his argument fails because it is premised on his baseless conspiracy theory regarding the alleged manipulation of this Court's case-call assignment procedure.[6] "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Plaintiff identifies no basis to conclude that he has been denied any requirement of due process. And, to the extent plaintiff is arguing that individual judges of this Court should be disqualified, he filed a motion to disqualify Judge Swartzle, which was denied. *De Filippis v Redford Police Dep't*, unpublished order of the Court of Appeals, entered May 22, 2023 (Docket No. 359734). Plaintiff then requested that the motion to disqualify Judge Swartzle be referred to the Chief Judge for review and the Chief Judge denied plaintiff's motion to disqualify Judge Swartzle. *De Filippis v Redford Police Dep't*, unpublished order of the Court of Appeals, entered May 24, 2023 (Docket No. 359734).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica

---

[6] Contrary to plaintiff's speculation, this Court's panel assignment process is governed by MCR 7.201(D) and (E) and described as follows:

> When sitting in a session of the Court, judges are divided into panels of three. A computer program randomly rotates judicial assignments so that each judge sits with every other judge an approximately equal number of times over the years. Likewise, the city of oral argument is rotated for each judge. [See Internal Operating Procedure (IOP) 7.210(D).]